*1828.*

*Candler
v.
Pettit.*

---

## CANDLER v. PETTIT AND OTHERS.

If an original bill is wholly defective, and there is no ground for proceeding upon it, it cannot be sustained by filing a supplemental bill, founded upon matters which have subsequently taken place.

Facts which existed before the filing of the original bill, should be inserted therein by way of amendment.

But if the original bill was sufficient for one kind of relief, and facts afterwards occur which entitle the complainant to other or more extensive relief, he may have such relief by setting out the new matter in a supplemental bill.

After a party has proceeded to judgment and execution at law, he may, by the aid of a court of equity, reach property in the hands of a third person, which was not, in itself, liable to execution.

An injunction in such case will also be granted, to prevent the defendant from disposing of his property, after an execution has been issued and returned unsatisfied.

THE complainant filed his bill, setting forth among other things, the pendency of a suit in his favor against the de-

*August 25th*

1828.

Candler.
v.
Pettit.

fendant at law, and praying an injunction and *ne exeat*
Both were granted by the master ; but the injunction was
*afterwards dissolved by the Chancellor, on the ground
that the complainant was not entitled to an injunction, to
stay the defendant from disposing of his property until an
execution had been issued and returned unsatisfied.   The
complainant having proceeded to judgment and execution
at law, filed his supplemental bill, stating those facts, and
prayed an injunction ; on which the court granted a rule
upon the defendants, to show cause why the injunction
should not be granted, and allowed a temporary injunction
in the meantime.

*George Brinckerhoff*, for the defendants, showed cause,
and contended, among other things, that, as there was no
ground for the suit, at the time of filing the original bill,
the plaintiff could not collect the supplemental bill with it,
so as to sustain the injunction on the facts which had sub-
sequently occurred.

*R. Sedgwick*, contra.

THE CHANCELLOR :—If the original bill is wholly de-
fective, so that no valid decree could be made thereon, the
party cannot, by filing a supplemental bill, founded upon
matters which have subsequently taken place, sustain the
proceedings originally commenced.

If the facts existed before the filing of the original bill,
they should be inserted therein by way of amendment.
And if the complainant had no ground for the proceedings
originally, he should file a new bill, showing a case which
will then entitle him to equitable relief.   But if his original
bill was sufficient to entitle him to one kind of relief, and
facts subsequently occur which entitle him to other or
more extensive relief, he may have such relief by setting
out such new matter in the form of a supplemental bill.

In this case, the original bill was sustainable on the
ground that the bail had become insolvent, and that there

was sufficient shown to authorize the issuing of the *ne exeat.* (*Porter* v. *Spencer*, 2 John. Ch. R. 169.) In such cases the party is not confined to the temporary relief sought, but the court, having gained jurisdiction of the cause for the purpose* of such temporary relief, may retain it generally. (Per Spencer, Justice, in *Rathbone* v. *Warren*, 10 John. Rep. 596.)

The supplemental bill is therefore properly filed; and I think, on the facts disclosed, the complainant is entitled to the special relief prayed for in the supplemental bill. The cases of *Haddan* v. *Spader*, in the Court of Errors of this state, (20 John. Rep. 554,) and *Taylor* v. *Jones*, (2 Atk. Rep. 600,) and *Edgell* v. *Haywood & Dawe*, (3 Atk. 352,) in the English Court of Chancery, show, that after a party has proceeded to judgment and execution at law, he may by the aid of a court of equity reach property in the hands of a third person which was not in itself liable to execution. I have recently had occasion to declare, in a case which was before me in the Equity Court of the fourth circuit, that " Every person should be permitted to exercise the most liberal and extended discretion as to the time and manner of disposing of his property, vesting the proceeds thereof, and of collecting his debts; provided he exercises that discretion fairly and honestly in reference to the equitable rights of his creditors to be paid out of the same, and without any view or intention of delaying, hindering or preventing them from obtaining their lawful dues and demands. But whenever he exceeds these limits of his legitimate authority and power over his property and funds; whenever there is reason to believe he has exercised that power with intent to delay, hinder or defraud those who have a claim upon that property and those funds for the satisfaction of their just demands, such exercise of power becomes unconscientious and unequitable; and a court of equity will then control and regulate its exercise, in such a manner as to compel him to do justice to his creditors. Such an unconscientious exercise of power by the debtor,

is a fraud upon the creditor." (Opinion in *Weed & Marvin* v. *Pierce & others*.)

The rule for an injunction in this case must be made absolute.