WILLIAM EDGAR v. SAMUEL CLEVENGER. et al.

A general creditor having filed his bill for relief, and having subsequently obtained judgment and execution at law, is not entitled to relief upon his original bill, though a decree *pro confesso* be taken against the defendant. A

[Edgar v. Clevenger et al.]

supplemental bill should be filed, stating the facts which entitle him to relief.

If a bill be so entirely defective that no decree can be made upon it, it will not be aided by a supplemental bill founded on facts that have subsequently taken place.

But if the bill be sustainable on any ground, even for the purpose of granting temporary relief, the court having possession of the cause may hold it for the more general and important purposes of the bill, and will permit the complainant to file a supplemental bill.*

*F. B. Chetwood,* for complainant.

The Chancellor. The principal object of the bill in this case is to impeach and set aside, on the ground of fraud, a judgment confessed by Samuel Clevenger to Israel Wilkinson, for four hundred and seventy-four dollars and eighty-six cents, and entered up in the inferior court of common pleas of the county of Middlesex, at the term of September, eighteen hundred and thirty-four. As auxiliary to this relief, the complainant, who was a creditor of Clevenger, prayed an injunction to restrain the sheriff from selling under the execution in his hands, and also to restrain the defendant, Clevenger, from disposing of the property at private sale. The injunction was refused, upon the ground that Edgar, being only a general creditor, and having no specific lien on the property, had no right to interfere with any disposition his debtor might think fit to make of it. It appeared by the bill that the complainant had commenced a suit against Clevenger, which he was prosecuting to judgment as fast as the forms of the law would permit;—but the court was of opinion that the commencement of the suit was not sufficient; and that nothing short of a judgment and execution would authorise the complainant to ask for the aid of a court of equity: *Angell* v. *Draper,* 1 *Vern.* 399; *Shirley* v. *Watts,* 3 *Atk.* 200; *Balch* v. *Wastall,* 1 *P. Wms.* 445; *Mitf.* 115; *Coop. Eq. Pl.* 149. Since that time the complainant has obtained a judgment at law and sued out an execution; and there being no ap-

* See this case on final hearing, reported ante, vol. i. page 258.

pearance to the bill filed in this court, he obtained in the term of January a decree pro confesso, and an order to take testimony in support of the allegations of his bill. Having examined witnesses and produced an exemplified copy of the judgment and execution, he seeks a decree setting aside and annulling the judgment of Wilkinson, on the ground of fraud and collusion.

It appears to me that these proceedings are irregular, and that the complainant is not now in a situation to ask for such decree. His bill not only exhibited no ground for an injunction, but no ground for relief, so far as it sought to impeach the judgment of Wilkinson. There was no equity in it. That the party has now an equity by his judgment and execution subsequently obtained, is of no avail. They cannot relate back to the time of the commencement of this suit; and a decree, such as the complainant asks, founded upon the bill as filed, would be erroneous. It would exhibit the court as giving relief against long established principles.

The proper course for the party to pursue, after obtaining his judgment and execution, was to file a supplemental bill, stating the facts. He would then have had a proper case for relief. It would have appeared on the record, and not merely in the evidence. The case of *Candler* v. *Pettit*, 1 *Paige*, 168, is directly in point.

The only question, as it appears to me, is, whether the bill is at all sustainable; for if it be entirely defective, so that no valid decree can be made upon it, it will not be aided by a supplemental bill, founded on facts that have subsequently taken place. In this case, part of the complainant's debt, which he hoped the better to protect and secure by impeaching the judgment of Wilkinson, and staying the sale of the property as well real as personal, was a debt secured by mortgage on the lands levied on by Wilkinson's execution; and the bill charging that fact, and that the defendant was wasting the property by cutting timber, &c. an injunction was granted so far as to stay waste. I think the bill was sustainable on that ground;—and the court, having possession of the cause for such temporary relief, may hold it for the

more general and important purposes of the bill. The complainant will therefore be at liberty to file a supplemental bill, if he shall think proper so to do.

Order accordingly.