WILLIAM EDGAR v. SAMUEL CLEVENGER and others.

It is not the practice to reiterate substantively in a supplemental bill, all the charges of the original bill, but to set them out by way of reference, and charge the new and additional facts by way of supplement.

*E. Wood*, for defendants, in support of demurrer.

*F. B. Chetwood*, for complainant, contra.

[Edgar v. Clevenger et al.]

THE CHANCELLOR. When this cause was before the court a short time ago,[*] after a decree pro confesso, and depositions and proofs taken, the bill was declared to be insufficient to entitle the complainant to the particular relief prayed for ; and permis-sion was given him to file a supplemental bill, if he should think proper so to do, for the purpose of charging certain facts which had occurred since the commencement of the suit. Such bill has been filed ; and now the defendants, who have appeared in the original suit, come in and demur to the supplemental bill, and assign special grounds of demurrer, to wit: that the complainant does not, in his said last mentioned bill, charge the fact of a fraudulent confession of the judgment by Clevenger to Wilkinson, (which judgment is sought to be set aside,) otherwise than by reference to the original bill, nor when, or by whom, or for what sum the same was confessed, nor that execution issued on said judgment, &c.

This demurrer appears to relate simply to the form of the bill of supplement, and I do not find any sufficient ground to sustain it. The bill is in the usual and approved form. It is not the practice to reiterate substantively in the supplemental bill, all the charges of the original bill, but to set them out by way of reference, and charge the new and additional facts by way of supplement.

The defendants take a distinction, however, between a case where the original bill is insufficient to warrant the particular relief prayed for, so that no decree can be made without the supplemental matter, and one where the supplemental facts come in, in aid of the relief sought. They appear to think that in the first case, all the facts should be re-charged in the supplemental bill, inasmuch as they cannot be legally put in issue by the original bill, because not being in themselves sufficient to make out the case of the complainant. But this would appear to be the conversion of a bill of supplement into an original bill, and variant from the practice. It cannot be necessary, unless the ori-

* See ante, page 258.

[Edgar v. Clevenger et al.]

ginal bill is entirely defective ; nor even then, for such bill cannot be aided by any supplement.

The real difficulty of the defendants appears to be, that if the demurrer is overruled and the supplement sustained, they will have no opportunity of answering and putting in issue the facts charged in the original bill. Supposing that bill to be insufficient, they have concluded there was no necessity for answering or pleading to it in any way. This was hazardous ground to stand on. If they considered the bill defective, it was their duty, if they meant to defend the suit at all, to demur to it, and have the question settled, and not suffer a decree to pass against them, and testimony to be taken. If they are in difficulty by reason of their own default, they are not entitled to any special favor.

I am not without doubt, however, as to the correctness of the practice pursued in this case. It was adopted on the authority of *Candler* v. *Pettit*, 1 *Paige*, 168, and with some hesitation. I perceive now, on further reflection, that it may lead to some embarrassment, especially where proofs have been taken exparte. Under these circumstances, and seeing that this bill has been filed by the permission of the court, I think the proper course will be for the defendants to apply to have the decree pro confesso vacated, and for leave to answer upon such just and equitable terms as the court should direct. This will be giving them an opportunity to contest the cause on the merits, which is all they can desire. The complainant ought not to object to it, for he was distinctly apprised at the commencement of the suit, when he applied for an injunction to prevent a sale of the personal property under the Wilkinson judgment, that the bill, so far as related to the relief prayed for against that judgment, was not sufficient.

Order accordingly.