Daly, F. J.
The result of the decision of the court of appeals in this case is that the relief must be limited to the claim of the judgment creditor, for whose benefit the suit has been instituted by the plaintiff as receiver *170 of the-1 judgment debtor; and if there are other judgment creditors of the defendant Beiser, under whose judgments the plaintiff has also been appointed receiver, that the plaintiff must institute a new suit upon every judgment under which he has been, appointed, to enforce any equitable right which the plaintiff in that judgment may possess, to have it satisfied out of the property which Beiser transferred to Menck by the assignment.
The parties being the same, this may be done as well by the filing of a supplemental complaint as by a new suit. It is to reach the same fund, and by the one wlio can alone sue to have it applied in satisfaction of all the judgments in which he has been appointed receiver of the property and effects of the judgment debtor.
It is said by the Chancellor in Candler v. Pettit (1 Paige, 168), that if the original bill was sufficient to entitle the plaintiff to oné kind of relief, and facts subsequently occur which entitle him to other or more extensive relief, he may have such relief by setting out such new matter in the form of a supplemental bill. The new matter subsequently occurring here is the appointing of the plaintiff receiver, on other judgments recovered by other creditors, and which are, at least presumptively, entitled to be satisfied out of the property which the court has held to have been fraudulently assigned.
The delay in making the application is excused. The plaintiff supposed that the law was as we "held it to be ; that he was entitled to recover in the action as it stands, the whole of the assigned property, and to make dis- • tribution of ..it, in satisfaction of the other judgments, under the direction of the court, returning the surplus, ] if there should be any, to whoever, under the direction of the court, was entitled to it. The court of appeals have held the law to be otherwise, but the judge who delivered the opinion of the majority of the court says *171 that his conclusion formerly was different; that is, as I understand it, that he entertained the same view of the law as entertained by the court, and upon which the plaintiff acted up to the final decision of the court of appeals upon the re-argument. This is an ample excuse for not making an application, which the plaintiff might, under the circumstances, reasonably presume to be unnecessary.
The motion is therefore granted.