BLAIR *v.* ST. LOUIS, H. & K. R. Co. and others.[1]

*(Circuit Court, E. D. Missouri.    June 30, 1885.)*

CORPORATIONS—CONVEYANCE OF ENTIRE ASSETS—PRIORITY OF RIGHT AS BETWEEN UNSECURED CREDITOR OF GRANTOR AND MORTGAGE CREDITOR OF GRANTEE.

A., a corporation, being largely indebted to B. and others, its stockholders and officers organized C., a new corporation, and transferred to it all of A.'s assets, in consideration of stock in C., and of C.'s assuming A.'s liabilities. C. thereafter mortgaged the property so transferred to D., to secure an issue of bonds. At the time of the execution of the mortgage B.'s claim had not been reduced to judgment, but D. accepted the mortgage with notice of it. B. has since obtained judgment against C. *Held,* that his lien upon the property transferred is superior to D.'s.

In Equity.

Demurrer to evidence tending to prove the allegations of the cross-bill and answer of Josiah Fogg. For opinion upon demurrer to answer and cross-bill, see 22 FED. REP. 36. See, also, *Fogg* v. *St. Louis, H. & K. R. Co.* 17 FED. REP. 871.

*Theodore G. Case,* for complainant.

*Jas. Case* and *Geo. D. Reynolds,* for Fogg.

TREAT, J. The demand of Josiah Fogg to charge the assets of the old and new corporations, prior in right to the mortgage sued on, is presented to the court in the form of a demurrer to the evidence taken before the master. The principles on which this demand is to be determined have heretofore been fully considered. The present inquiry pertains solely to *notice* given of such prior demand. The transferred assets were greater than the assumed obligations by the new corporation. Hence all persons subsequent in interest with notice of such equitable lien take subordinate thereto. The evidence discloses that, although the transfer from the old to the new corporation was not formally recorded, all the parties were sufficiently informed with respect thereto. The equitable doctrine applies, viz., that they took subject to the prior equitable lien. Demurrer overruled.

Ordered that the demand of Josiah Fogg be allowed as an equitable lien prior in right to the mortgage sued on.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.