HENRY O. BERNARD & another *vs.* LIPPMAN TOPLITZ.

Worcester.    October 20, 1893. — November 28, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Mortgage — Bill to redeem — Premature Action — Equity Pleading.*

A bill in equity to redeem an instrument in the nature of a mortgage, brought before the day named in the instrument for the payment of the money secured thereby, cannot be maintained, although the plaintiff is entitled to redeem at the time of the hearing.

A bill in equity to redeem an instrument in the nature of a mortgage was brought before the day named in the instrument for the payment of the money secured thereby. One paragraph of the bill alleged the execution of the instrument, and that the plaintiff promised to pay the money secured thereby on demand. The answer admitted the allegations of this paragraph, except that the original of the instrument was referred to for greater certainty. After a hearing of facts offered by the plaintiff to show that the contract in regard to the time for paying the money was different from that shown in the instrument, the judge found that the bill was prematurely brought. The plaintiff then first suggested that the answer excluded this defence. Thereupon the defendant was allowed, subject to equities arising from the facts reported, to amend his answer, setting up that he denied that the plaintiff promised to pay the money on demand. *Held,* that, if an amendment of the answer was necessary, the defendant was entitled to have the benefit of it.

KNOWLTON, J.    This is a suit by Henry O. Bernard and the H. O. Bernard Manufacturing Company, a corporation, to redeem an instrument in the nature of a mortgage, a copy of which is annexed to the plaintiff's bill. The money secured by the instrument was not payable until February 15, 1893, and the bill was filed on August 2, 1892. At the time of the hearing the plaintiffs were entitled to redeem, and the question is whether a decree for redemption can be entered in this suit, or

whether their right to redeem can be enforced only in a suit brought after it came into existence.

We are of opinion that this suit cannot be maintained. It is a general rule, that the rights of parties in litigation are to be determined as of the time when the action was brought. The exceptions to this rule relate only to supplemental, incidental, or technical matters which are not of the substance of the plaintiff's right. If the original bill is sustainable, a supplemental bill may be filed, or under our practice the bill may be amended by alleging matters occurring subsequently, so as to present facts which will enlarge the extent or change the kind of relief 2 Dan. Ch. Pl. & Pr. (3d Am. ed.) 1594, and notes. *Chandler* v. *Pettit,* 1 Paige, 168, 169. So the appointment of an executor or an administrator made while a suit in equity is pending will relate back to the death of a testator or intestate. *Dearborn* v. *Mathes,* 128 Mass. 194. *Moses* v. *Levi,* 3 Y. & C. Ex. 359. *Humphreys* v. *Humphreys,* 3 P. Wms. 349. In suits by the vendor for specific performance, a decree may sometimes be entered for the plaintiff, although he was not able to furnish a good title until after the commencement of the suit. *National Webster Bank* v. *Eldridge,* 115 Mass. 424, 428. *Wynn* v. *Morgan,* 7 Ves. 202. *Dutch Church* v. *Mott,* 7 Paige, 77, 84, 85. But in these cases the time when the deed should be delivered is not of the essence of the contract, and the controversy relates to other matters.

In a suit brought for the redemption of a mortgage before the time for the performance of the condition, it is otherwise. If the condition is performed in accordance with the terms of the mortgage, there is never any equity of redemption to be enforced by a suit, for the mortgage becomes void and the title of the mortgagor becomes absolute by the contract itself. It has often been held that a suit for redemption of a mortgage cannot be maintained before the time for the performance of the condition, even though the mortgagor tenders performance of it before bringing his suit. *Brown* v. *Cole,* 14 Sim. 427. *Abbe* v. *Goodwin,* 7 Conn. 377. *Moore* v. *Cord,* 14 Wis. 213. That there is nothing until a breach of the condition on which to found a suit is a good reason for the rule.

It is contended that this defence is not open because the de-

fendant did not set it up in his answer, and because the amendment of the answer was allowed subject to equities arising from the facts reported. In the first place, it is at least doubtful whether under his original answer the defendant would be precluded from relying on this defence. His admission of the allegations of the third paragraph of the bill was made subject to an exception by which he referred to the original of the instrument for greater certainty, and the instrument shows that the debt had not become due. But if an amendment was needed, it was allowed after a hearing of facts offered by the plaintiffs to show that the contract in regard to the time for paying the money was different from that shown in the mortgage, and a finding in favor of the defendant on that issue. The plaintiffs did not suggest that the original answer excluded this defence until after this hearing, and a decision that the bill was prematurely brought. The presiding justice having allowed an amendment to the answer under these circumstances, we see no good reason why the defendant should not have the benefit of it.*

*Bill dismissed.*

*S. D. Warren & L. D. Brandeis,* (*J. E. Beeman* with them,) for the plaintiffs.

*F. P. Goulding,* for the defendant.

---

\* The third paragraph of the bill alleged the execution of the instrument, and that the plaintiff corporation promised to pay the money secured thereby on demand.

The amendment of the answer set up that the defendant denied that the plaintiff corporation promised to pay the money on demand.