### PUTNEY et al. v. WHITMIRE et al.

(Circuit Court, D. South Carolina. March 15, 1895.)

1. CIRCUIT COURTS—JURISDICTION—AMOUNT IN CONTROVERSY—CREDITORS' BILL.
   A creditors' bill cannot be maintained, in the United States circuit court, by several complainants, each holding a separate and independent demand against the debtor less than $2,000 in amount, though the aggregate of all the complainants' demands exceeds $2,000.

2. EQUITY PRACTICE—SUPPLEMENTAL BILL.
   A defective original bill, which affords no ground for proceeding upon it, cannot be sustained by filing a supplemental bill, founded upon matters taking place after the filing of the original bill.

3. CREDITORS' BILL—NECESSITY OF JUDGMENT.
   One who claims to be a creditor of a defendant, but whose claim has not been reduced to judgment, and who has no lien and claims under no trust, cannot maintain a creditors' bill or a bill to set aside deeds alleged to be fraudulent.

This was a bill in equity by Stephen Putney & Co. and others against Bartow T. Whitmire and others to set aside certain mortgages as fraudulent, and for other relief. Each of the individual claims of the creditors was less than $2,000, and none of them had been reduced to judgment. A supplemental bill was filed, alleging an assignment by certain of the complainants in the original bill to their co-complainants of all their claims, thus increasing the claim of said complainants to a sum much greater than the jurisdictional amount. The defendants demurred on the ground that the court had no jurisdiction of the original bill; that the filing of the supplemental bill could not affect the jurisdiction, and that the creditors, having failed to obtain judgment on their claims, could not maintain their bill in this court.

Perry & Heyward and Haynsworth & Parker, for complainants.
Cothran, Wells, Ansel & Cothran, for defendants.

SIMONTON, Circuit Judge. This is a creditors' bill, seeking to set aside certain mortgages of a stock of goods executed by the defendant Whitmire to his sister and brother. It is charged that the mortgages themselves are void because intended to delay, hinder, and defeat creditors; and that they are in effect an assignment with preference, and so void under the statute law of South Carolina. The complainants are merchants, each of whom sold and delivered goods to Whitmire, and hold his notes given to them severally, and open accounts due to them severally by him. These are set out in detail. None of the plaintiffs, when the bill was filed,

held in their own right a demand against Whitmire equal to $2,000, and none of them, either at that time or since then, have reduced their claim to judgment. The prayer of the bill is for an injunction against the enforcement of the mortgages; that they be declared null and void; that a receiver be appointed to take charge of the chattels covered by them; that creditors of Whitmire be enjoined from enforcing their claims except in this suit; and that complainants may have judgment against the defendant Whitmire for their respective demands, as hereinbefore set out; and for general relief. This bill was filed on 16th July, 1894, and on the same day a rule was issued against the defendants to show cause, on 23d July thereafter, why the prayer of the bill as to injunction and receiver be not granted. The defendants made return to the rule on 7th August. On 6th August, complainants filed a supplemental bill, in which it was alleged that Carhart & Bro., complainants in the original bill, had assigned all their claims against the defendant Whitmire to their co-complainants, Stephen Putney & Co., and that in this way and otherwise the claim of said Putney & Co. against said defendant was largely in excess of $2,000, besides interest and costs. On 6th September the defendants filed a demurrer to the bill maintaining these points: That in the original bill none of the complainants show themselves within the jurisdiction of the court; that they cannot proceed in this court, not having established their several claims at law; that, if the court had no jurisdiction over the original bill, the supplemental bill could not cure this defect. (2) That a bill will not lie in this court to set aside fraudulent deeds in behalf of creditors whose claims have not been established at law.

Have the complainants in the original bill, their several claims being each below $2,000, a standing in this court? Each complainant is a merchant. Their debtor is also a merchant. Their contracts with him were several contracts, having no connection with or relation to each other. Each claim stands upon its own merits. None of them has any lien upon, and no special property, legal or equitable, in, the property of their debtor. The interest of each is separate, and his contract is separate. Some may succeed, and some may fail, in establishing their debt. The success or failure of one will not affect the other. The first requisite is the establishment of the claim. Under these circumstances, the rule is that each complainant must himself be competent to sue. The best illustration of this is in the case of Shields v. Thomas, 17 How. 4. In that case distributees filed a bill against an administrator of an estate exceeding $2,000 in value. Each distributive share was less than the jurisdictional amount. Their aggregate exceeded it. A motion to dismiss was made and refused. The matter in controversy was the amount of the liability of the administrator. "All the distributees claimed under one and the same title. They had a common and undivided interest in the claim, and it was perfectly immaterial to the administrator appellant how it was to be shared among them. He had no controversy with either of them on that point, and, if there was any difficulty as to the proportions in which they were to share, the dispute was among themselves, and not

with him." The court in this case differentiate it from Oliver v. Alexander, 6 Pet. 143, a suit for seamen's wages. "Although the crew are allowed by law, for the sake of convenience, and to save costs, to join in a suit for wages, yet the right of each seaman is separate and distinct from his associates. His contract is separate, and his recovery does not depend upon the recovery of others, but rests altogether on its own evidence and merits." In Stewart v. Dunham, 115 U. S. 61, 5 Sup. Ct. 1163, a creditors' bill to set aside a fraudulent assignment, it was held that the claims of the creditors could not be united so as to maintain the jurisdiction of the supreme court, for the reason that the decrees in their favor are several, and the amounts to be paid to them, respectively, do not exceed $5,000.

In the case at bar, if complainants succeed, the decree in favor of each must be several, and the amount paid to each cannot exceed $2,000. The same principle is laid down in Rich v. Lambert, 12 How. 347; Seaver v. Bigelow, 5 Wall. 208; Ex parte Baltimore & O. R. Co., 106 U. S. 5, 1 Sup. Ct. 35, with other cases in the same volume; Schwed v. Smith, 106 U. S. 188, 1 Sup. Ct. 221; Trust Co. v. Waterman, 106 U. S. 265, 1 Sup. Ct. 131; Adams v. Crittenden, 106 U. S. 576, 1 Sup. Ct. 92. It must be noted that in this case there is no trust fund, or, indeed, any fund, to be administered. Whitmire holds in his own right a stock of goods. He has given mortgages covering a part of them, but he remains in possession. The case is not within Handley v. Stutz, 137 U. S. 369, 11 Sup. Ct. 117. A distinction has been sought between cases in which the jurisdiction of this court is in question and cases in which jurisdiction for the purposes of appeal to the supreme court is sought. But in Walter v. Railroad Co., 147 U. S. 373, 13 Sup. Ct. 348, the rule is made applicable to both instances:

"It is well settled in this court that when two or more plaintiffs, having several interests, unite for the convenience of litigation in a single suit, it can only be sustained in the court of original jurisdiction or on appeal to this court as to those whose claims exceed the jurisdictional amount."

The learned counsel for complainants also maintain that the matter in controversy is the amount fraudulently mortgaged. But as to each complainant the amount in controversy is his own claim. He has no part or lot in the claim of any one else; and the question to be decided is, has he locus standi in this court? See Stewart v. Dunham, supra. In Chapman v. Handley, 151 U. S. 445, 14 Sup. Ct. 386, a question arose as to the right of certain persons to share in an estate as distributees. The estate was valued at $25,000. The court refused to unite all the interests claimed by distributees, and so sustain the jurisdiction, saying:

"These claims of distributees are several, and not joint, and a joint application for distribution can only result in judgments in severalty. * * * It is the distinct and separate share of each distributee that is involved in the proceeding; and although, in this instance, if the children of the plural wife had been admitted to share, they would have obtained, and an amount in excess of $5,000 would have been withdrawn from the other children, the gain on the one side and the diminution on the other would have been proportionate as to each, and not in the aggregate as to all."

It is not possible to resist the result of these authorities. This objection to the jurisdiction must be sustained.

Has it been cured by the supplemental bill? The rule is that if an original bill is defective, and there is no ground for proceeding upon it, it cannot be sustained by filing a supplemental bill founded upon matters which have subsequently taken place. 2 Daniell, Ch. Prac. (Perkins' Ed.) p. 1595, note; Candler v. Pettit, 1 Paige, 168; Bernard v. Toplitz, 160 Mass. 162, 35 N. E. 673.

The next ground of demurrer is that the complainants are creditors at large, and have no judgment at law. There is no trust set up or existing. None of them have any lien. Each claim is based on a contract suable at law. None of them has an admission of his claim. Each claims to be a creditor. The gist and essence of his case is that he is a creditor. The first step he must take is to establish this fact. A court of equity cannot do this. Under article 7 of the amendments of the constitution of the United States, the defendant Whitmire is entitled to the verdict of a jury on this point. Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712. There is an unbroken current of decisions of the supreme court of the United States holding that an open creditor having no lien, and claiming under no trust, cannot obtain the aid of a court of equity in setting aside the deed of his debtor, alleged to be fraudulent, if this fact be brought to the attention of the court. Adler v. Fenton, 24 How. 407. Nor can this be effected by a creditors' bill. Smith v. Railroad Co., 99 U. S. 398; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977; Hollins v. Iron Co., 150 U. S. 379, 14 Sup. Ct. 127. So, also, the circuit court of appeals, as in Atlanta, etc., R. Co. v. Western, etc., Ry. Co., 1 C. C. A. 676, 50 Fed. 790, 2 U. S. App. 227. The cases relied upon by complainants can easily be distinguished. Case v. Beauregard, 101 U. S. 691, is one of them. This case had been before the court in 99 U. S. 119. The complainant had no judgment at law, but he sought relief by working out in his favor the equity between copartners, his debtors. The court held that as he had no specific lien on the property, and there being no trust which a court of equity can enforce, his bill could not be sustained. He then obtained a judgment at law, and filed a new bill, which came up in 101 U. S. The court held that the first decision was res judicata, and all that is said goes to sustain the jurisdiction in that first case,—a jurisdiction maintained without previous judgment at law, maintained clearly because complainant sought to support a trust which he claimed. So, also, in Oelrichs v. Spain, 15 Wall. 228, there was an element of trust. See Talley v. Curtain, 4 C. C. A. 177, 54 Fed. 43; Hollins v. Iron Co., supra. The demurrers are sustained, and the bill dismissed for want of jurisdiction, each party to pay his own costs. Mayor v. Cooper, 6 Wall. 247.