GRENELL *v.* FERRY.

1. CREDITOR'S BILL—WHEN MAINTAINABLE.

A judgment creditor's bill, brought before the issuance of execution and its return unsatisfied, is premature.

2. SAME—JURISDICTION—SUPPLEMENTAL BILL.

The defect in such case, being jurisdictional, is not remedied by the issuance of an *alias* execution after the filing of the bill, and the return of the same unsatisfied, and the filing of a supplemental bill setting up such facts.

3. SAME—PROCEEDINGS AGAINST CORPORATIONS.

A bill in the nature of a judgment creditor's bill against the officers of a corporation, alleging a fraudulent transfer of corporate property, cannot be sustained, if brought before the issuance of execution and its return unsatisfied, under the provisions of the general statute relative to proceedings against corporations in chancery (2 How. Stat. chap. 281), since the issuance and return of execution in such cases is expressly required by section 6 of such statute.

Appeal from Wayne; Peck, J., presiding. Submitted June 18, 1896. Decided July 21, 1896.

Judgment creditor's bill by Inez B. Grenell against Dexter M. Ferry and others. From an order overruling demurrers to the original and supplemental bills, defendants appeal. Reversed and bills dismissed.

The complainant recovered a judgment against the Michigan Gas Company, June 28, 1895, for $2,092.25. On September 11, 1895, she filed this bill against the defendants, in which she alleged that the sale and transfer of the property and franchises of the Michigan Gas Company to the Detroit Gas Company were fraudulent as against the creditors of the former company, and praying that they be decreed to pay her judgment, and that

they make a discovery as to the assets, etc., which were transferred by the Michigan Gas Company to the Detroit Gas Company. The bill is in form a judgment creditor's bill. The defendants Ferry, Byrne, and O'Brien demurred to the bill, the ground of the demurrer being that no execution had been issued and returned unsatisfied prior to the filing of the bill. Without bringing the case to hearing upon the demurrer, the complainant took out an *alias* execution, had it returned unsatisfied, and then filed a supplemental bill, alleging these facts. To this the same defendants interposed a second demurrer. Both demurrers were overruled, and the defendants appeal.

*Fraser & Gates*, for complainant.

*Brennan, Donnelly & Van De Mark*, for defendants.

GRANT, J. ( *after stating the facts* ). It is the established rule that, before a court of equity can entertain jurisdiction to enforce a judgment at law by a creditor's bill, an execution must be issued and returned unsatisfied. The legal remedy must first be exhausted. *First Nat. Bank* v. *Dwight*, 83 Mich. 189; *National Tube-Works Co.* v. *Ballou*, 146 U. S. 517; *Hollins* v. *Iron Co.*, 150 U. S. 371. The court therefore obtained no jurisdiction by the original bill, if it be held to be a judgment creditor's bill.

It is, however, insisted that the supplemental bill, setting forth the issue of an *alias* execution after suit brought and its return unsatisfied, gave the court jurisdiction. We cannot so hold. The original bill avers no ground for the interposition of a court of equity. The suit must be controlled by the situation at the time the bill was filed. Subsequent acts cannot confer jurisdiction. *Putney* v. *Whitmire*, 66 Fed. 385; *Bernard* v. *Toplitz*, 160 Mass. 162 (39 Am. St. Rep. 465).

It is also urged that the original bill can be sustained under chapter 281, 2 How. Stat. We hold otherwise.

The complainant is proceeding as a judgment creditor, and section 8153 of chapter 281 requires that such creditor, before he can invoke the action of a court of equity, must obtain a judgment at law, and cause an execution to be issued and returned unsatisfied.

The learned counsel for the complainant, in support of their contention, cite the following cases: *Hibernia Ins. Co.* v. *St. Louis & N. O. Transp. Co.*, 13 Fed. 516; *Brum* v. *Insurance Co.*, 16 Fed. 140; *Blair* v. *Railroad Co.*, 22 Fed. 36, 24 Fed. 148; *San Francisco, etc., R. Co.* v. *Bee*, 48 Cal. 398; *Berry* v. *Railroad Co.*, 52 Kan. 774 (39 Am. St. Rep. 381); *Louisville, etc., R. Co.* v. *Boney*, 117 Ind. 501; *National Bank of Jefferson* v. *Texas Inv. Co.*, 74 Tex. 421; *Vance* v. *Coke Co.*, 92 Tenn. 47; *Turnbull* v. *Lumber Co.*, 55 Mich. 387. An examination of these cases discloses the fact that the question now presented was not raised in any of them. Besides, in California, Kansas, Indiana, Texas, and Tennessee the statutes authorize judgment creditors' bills without issuing an execution. The authorities above cited are, therefore, not in point, and do not conflict with the decisions of this court. If the complainant had issued execution, the case made by her bill would have been directly within these authorities.

The decree must be reversed, and the bill dismissed, with the costs of both courts, but without prejudice.

The other Justices concurred.