Argued June 4, modified July 6, 1915.
Motion to recall mandate denied April 4, 1916.

# FIRST NAT. BANK v. MANASSA.*

(150 Pac. 258.)

**Bankruptcy—Effect of National Bankruptcy—Suspension of State Laws.**

1. Sections 7540, 7555, L. O. L., relating to assignments for benefit of creditors, are insolvency statutes, and are suspended by the national Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544).

[As to effect of national Bankruptcy Act on state insolvency laws, see notes in 41 Am. Dec. 447; Ann. Cas. 1913E, 957.

**Bankruptcy—Effect of National Bankruptcy—Suspension of State Laws.**

2. An assignment for benefit of creditors made in pursuance of such state statute is void as against an objecting creditor.

**Creditors' Suit—Nature of Proceeding.**

3. A suit to set aside an assignment for benefit of creditors by an objecting creditor alleging he had brought action at law against the assignor, and that attachment had issued, was in the nature of a creditors' suit.

**Creditors' Suit—Judgment or Lien as Prerequisite.**

4. A judgment or attachment lien is a necessary prerequisite to a creditors' suit.

[As to creditor's suits, see notes in 66 Am. St. Rep. 271; Ann. Cas. 1914B, 945.]

**Appeal and Error—Record—Matters not Apparent—Extraneous Aid.**

5. Where the record on appeal in a creditors' suit did not show that he had secured a lien by judgment or attachment, a copy of a judgment and a copy of a return in garnishment prepared subsequent to the rendition of the judgment in the creditors' suit and filed with the clerk of the appellate court could not be considered.

**Creditors' Suit—Creation of Lien to Support.**

6. On evidence merely that a pretended notice of garnishment was served on one who answered that he had no money, property or effects of the defendant in his possession did not show creation of a lien supporting a creditors' suit.

**Creditors' Suit—Judgment as Prerequisite.**

7. As a general rule, if there is neither a lien by attachment nor a judgment in the action at law at the time of the commencement of

---

*The relation of bankrupt law to assignments and insolvency proceedings under state laws is discussed in note in 45 L. R. A. 177.

The conditions precedent to creditors' suit are set forth in note in 23 L. R. A. (N. S.) 1.                              REPORTER.

the creditors' suit, a judgment secured in the action at law after the commencement of the suit will not aid the suit.

**Pleading—Admission by Failure to Deny.**

8. Defendants in a creditors' suit admitted, by failing to deny the allegations of a supplemental petition, that a judgment had been entered in plaintiff's action at law.

**Appeal and Error—Reserving Grounds of Review—Objection to Pleading.**

9. Defendants, making no objection to plaintiff's supplemental petition, cannot be heard to protest it on appeal.

**Judgment—Validity—Presumption in Collateral Proceeding.**

10. Where defendants in a creditors' suit denied the plaintiff's allegations of service in his action at law, but admitted that judgment thereon was entered, a strong presumption of validity accompanies the judgment when questioned in the suit.

**Partnership—Actions—Process.**

11. In an action against C. and A., partners, a return that summons was served on defendants by delivering to and leaving with the said C. and A. in person and personally a copy of, etc., was not ineffective under Section 61, L. O. L., providing that when, in actions against defendants jointly liable, service is on one, judgment may be had against all so far as it may be enforced against joint property.

**Appeal and Error—Rendering Final Judgment—Creditors' Suit.**

12. Where a creditors' suit was brought before plaintiff had reduced his claim to judgment, but it appeared on appeal that the creditor, had obtained his judgment, and would, if his suit were dismissed, be in position to bring a second suit on grounds entitling him to relief, the Supreme Court will not dismiss the complaint, but will grant the proper relief.

·From Coos: JOHN S. COKE, Judge.

Department 1.    Statement by MR. JUSTICE HARRIS.

This suit was commenced by the First National Bank of Bandon for the purpose of setting aside a deed of assignment which was made for the benefit of creditors. The defendants C. A. Manassa and A. S. Manassa were partners doing business under the firm name of Manassa & Son, and on June 8, 1911, they executed a deed of assignment, for the benefit of their creditors, to F. J. Feeney, as assignee. The deed was duly recorded in the records of assignments on June 10, 1911, and on June 14th the deed, an inventory, and list of

creditors were filed in the Circuit Court. The assignee qualified on June 22, 1911, by filing the bond required by statute, and thereafter, pursuant to an order of the Circuit Court, he took possession of the property mentioned in the deed. The assignee sold most of the personal property to the defendant J. W. Mast on July 18, 1911, for $1,581.32. This suit was commenced on August 3, 1911. The complaint alleges that the assignment was fraudulent because the assignors had concealed from their creditors certain nonexempt property, and had wrongfully disposed of other property. The complaint assails the deed of assignment by further alleging that a portion of the property owned by the assignors was intentionally omitted from the inventory; that the name of plaintiff was omitted from the list of creditors; and that the assignment is void because the deed attempts to confer upon the trustee the absolute power to sell in a manner discretionary with him "as to the times and modes of sale and disposal thereof, whether for cash or on credit." The right of the plaintiff to interfere is based upon the averments that the plaintiff did on June 12, 1911, commence an action against C. A. Manassa and A. S. Manassa on a promissory note for $400 which had been signed by the Manassas; that a writ of attachment had been issued; and that the property in the hands of F. J. Feeney as assignee had been attached in the manner provided for by statute.

The only admission referring to the action at law found in the answer filed October 21, 1912, by J. W. Mast and F. J. Feeney as trustee, who were the only answering defendants, is that "plaintiff commenced an action at law against C. A. Manassa and A. S. Manassa, and that what purported to be a notice of garnishment was served upon F. J. Feeney," "which notice," the answer affirmatively alleges, "said F. J.

Feeney answered, stating and showing that he had no money, property, or effects of C. A. Manassa or A. S. Manassa in his hands or possession." For a separate defense the answer avers the making of the deed of assignment; the fact that Feeney qualified as assignee; the giving of the notice required by the assignment statute; the sale to Mast; the fact that plaintiff had knowledge of the assignment proceedings and made no objections before the sale to Mast.

By way of cross-complaint the answer of Feeney and Mast sets forth certain mutual mistakes and omissions connected with the deed of assignment and the "schedule list of creditors," and the court is asked for permission to correct the errors.

On the same day that the answer was filed the plaintiff filed a supplemental complaint alleging that the court did, on October 11, 1911, in the action at law, referred to in the original complaint, render a judgment in favor of plaintiff and against A. S. Manassa and C. A. Manassa for $414.10 and $50 attorney's fees. So far as is disclosed by the record, the supplemental complaint was not denied by an answer, and no objection was made to it by motion or demurrer.

The reply does not deny the allegation in the answer that Feeney answered the notice of garnishment by "stating and showing that he had no money, property, or effects of C. A. Manassa or A. S. Manassa in his hands or possession."

A trial of the cause resulted in a decree which sustained the assignment proceedings, and permitted a correction of the errors in the deed of assignment. The plaintiff appealed.      Modified.

For appellant there was a brief over the names of *Mr. G. T. Treadgold* and *Mr. Geo. C. Guthrie,* with an oral argument by *Mr. Treadgold.*

For respondents there was brief with oral arguments by *Messrs. Bennett, Swanton & Bennett.*

MR. JUSTICE HARRIS delivered the opinion of the court.

The good faith of F. J. Feeney as assignee was not questioned at the trial in the Circuit Court, because the parties stipulated "that he acted in good faith as such and· in all matters connected with the assignment," and, although the Manassas are charged with fraud, nevertheless it will not be necessary to consider that phase of the controversy, since the rights of the plaintiff can be fully determined by the legal effect of the attempted assignment.

1, 2. Every step in the assignment proceedings was guided by Sections 7540 and 7555, L. O. L., inclusive, and it was stipulated at the trial that:

"F. J. Feeney, as assignee, has complied substantially with all of the requirements of the assignment laws of the State of Oregon."

The assignment was not a mere common-law assignment, nor was it made under a statute which only regulates general assignments under the common law; but it was made under a state insolvency statute which provides that, if the estate realizes not less than 50 per cent of the full amount of the indebtedness, the court shall, upon the allowance of the final account, make an order discharging the assignor from any further liability on account of the indebtedness existing prior to the assignment. When the decree was rendered by the Circuit Court the effect of the act of Congress of July 1, 1898, regulating the practice and procedure in bankruptcy cases, upon the assignment laws of this state was an open question. Since that time, however, this court has ruled, one member dissenting,

that Sections 7540 to 7555, L. O. L., inclusive, constitute an insolvency statute: *Pelton* v. *Sheridan,* 74 Or. 176 (144 Pac. 410). See, also, *Capital Lumber Co.* v. *Saunders,* 26 Idaho, 408 (143 Pac. 1178). The life of the state assignment statute is interrupted, but not utterly terminated, by the existence of the national Bankruptcy Act, and during such period of interruption the assignment statute is in a state of suspended animation, is inert and dormant, and cannot revive until the national law ceases to exist; and therefore a deed of assignment made under the state insolvency statute is void as against an objecting creditor. The plaintiff did not at any time participate in or consent to any of the assignment proceedings, but it proclaimed its protest within a seasonable time. The assignment being void as against an objecting creditor, the next question to be determined is whether the plaintiff is entitled to the relief prayed for.

3. 4. The instant case partakes of the nature of a creditors' suit, and, being only auxiliary to the action at law, the plaintiff is required either to reduce its claim to a judgment or to obtain by an attachment what the statute designates as a lien before the suit can be maintained. A judgment or a lien is a necessary prerequisite to this suit: *Page* v. *Grant,* 9 Or. 116; *Bremer* v. *Fleckenstein,* 9 Or. 266; *Dawson* v. *Coffey,* 12 Or. 513 (8 Pac. 838); *Dawson* v. *Sims,* 14 Or. 561 (13 Pac. 506); *Matlock* v. *Babb,* 31 Or. 516 (49 Pac. 873); *Wyatt* v. *Wyatt,* 31 Or. 531 (49 Pac. 855); *Williams* v. *Com. Nat. Bank,* 49 Or. 492 (90 Pac. 1012, 91 Pac. 443, 11 L. R. A. (N. S.) 857); *Leavengood* v. *McGee,* 50 Or. 233 (91 Pac. 453); *Ryckman* v. *Manerud,* 68 Or. 350 (Ann. Cas. 1915C, 522, 136 Pac. 826); *Goodwin* v. *Tuttle,* 70 Or. 424 (141 Pac. 1120).

5, 6. There is no evidence properly in the record tending to show that any property was attached, and

there is not even any evidence tending to show that a judgment was rendered in the action at law. A copy of the judgment in the action at law and a copy of the return or certificate made by F. J. Feeney as garnishee were prepared subsequent to the rendition of the decree in the Circuit Court, and then filed with the clerk of this court; but the copies cannot be considered, for the reason that this cause must be tried on appeal on the record as made at the trial in the Circuit Court. Aside from the allegations in the pleadings, the record is silent as to the attachment proceedings as well as to the judgment in the action at law. The complaint avers in detail sufficient facts to create a lien, but there is no evidence to sustain the pleading. The answer denies the facts as narrated by the complaint. The answer only admits that a pretended notice of garnishment was served, and the defendants affirmatively aver without any denial by plaintiff that:

"F. J. Feeney answered, stating and showing that he had no money, property, or effects of C. A. Manassa or A. S. Manassa in his hands or possession."

The record fails to show that any additional steps were taken, and in view of the certificate as made by the garnishee the court did not obtain jurisdiction over the property in the hands of Feeney, and therefore no lien was created by the attachment proceedings: *Mc-Laughlin* v. *Aumsville etc. Co.,* 74 Or. 80 (144 Pac. 1154). Having failed to establish a lien by attachment, the plaintiff is not entitled to relief in the suit unless it appears that a judgment was rendered in the action at law.

7. As a general rule, if there is neither a lien by attachment nor a judgment in the action at law at the time of the commencement of the creditors' suit, a judgment secured in the action at law after the com-

mencement of the suit will not aid the suit, because at the very commencement of the suit it must be supported by and based upon a lien by attachment or a judgment; and a supplemental complaint showing the rendition of a judgment after the commencement of the suit is vulnerable to objection if made at the proper time: *Nubert* v. *Massman,* 37 Fla. 91 (19 South. 625); *Grenell* v. *Ferry,* 110 Mich. 262 (68 N. W. 144). It will be remembered that the plaintiff filed a supplemental complaint alleging that the claim involved in the action at law had been reduced to a judgment. The averments of the supplemental complaint are deemed admitted because the defendants did not answer that pleading: *Kimble* v. *Seal,* 92 Ind. 276; *Dann* v. *Baker,* 12 How. Pr. (N. Y.) 521.

8, 9. No evidence was offered to show that a judgment had been entered in the action at law, but the plaintiff alleges in its supplemental complaint and the defendants confess by failing to deny that a judgment was obtained. It is therefore admitted that a judgment was secured, but at a time after the commencement of the suit. The defendant did not move against, demur to, or answer the supplemental complaint. No objection can now be made to the supplemental complaint because the defendants have waived their right to protest, and if, upon the whole, the plaintiff is entitled to the relief demanded, it must be so decreed: *Fleischner* v. *Bank of McMinnville,* 36 Or. 553 (54 Pac. 884, 60 Pac. 603, 61 Pac. 345); *Osgood* v. *Osgood,* 35 Or. 1 (56 Pac. 1017); *Mitchell* v. *Taylor,* 27 Or. 377 (41 Pac. 119).

10, 11. The plaintiff alleges that service of summons was made in the action at law, and pleads the return as made by the sheriff. The return as alleged in the complaint shows that the sheriff served the summons

in the action at law "on the within named defendants, C. A. Manassa and A. S. Manassa, by then and there delivering to, and leaving with, the said C. A. Manassa and A. S. Manassa, in person and personally, a true copy of said summons, together with a copy of the complaint, prepared and certified to by C. R. Wade, attorney for plaintiff." It is claimed that the service of summons was ineffective on the facts alleged in the complaint. No evidence was offered concerning the service of summons. The answering defendants denied the allegations of service, but admit the judgment which was obtained in a court of record, and on that account the judgment is accompanied by a presumption of validity in this suit: *Strong* v. *Barnhart,* 6 Or. 94. Moreover, the indebtedness of the Manassas was joint, as well as several, and the property involved in this litigation is owned by the debtors as partners: Section 61, L. O. L.; *Stivers* v. *Byrkett,* 56 Or. 565 (108 Pac. 1014, 109 Pac. 386). On the facts of this case the judgment in the action at law is valid as against Feeney and Mast.

From what has been said it follows that our state assignment law is an insolvency statute, and is suspended by the national Bankruptcy Act; that the deed of assignment is void as against the plaintiff, who is now a judgment creditor; that the answering defendants waived their right to object to the supplemental complaint, and consequently the plaintiff is entitled to such relief as a consideration of the whole case appears to warrant.

12. A dismissal of the complaint would not benefit any of the parties, because on the facts as exhibited by the record the plaintiff could commence a new suit and again go over the same ground that has already been covered, and consequently the litigation can be determined now just as well as by another suit. The

plaintiff is in a position where it can take advantage of the fact that the deed of assignment is void, and therefore the assignment is set aside so far, as it interferes with the judgment obtained by plaintiff in the action at law. Whatever property F. J. Feeney has in his possession as assignee is subject to the judgment referred to; but the decree of the Circuit Court is not otherwise disturbed, because it may be that no other creditors can complain if they have participated in the assignment proceedings.

The decree of the Circuit Court is modified.

MODIFIED.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE McBRIDE concur.

MR. JUSTICE BURNETT dissents.