Argued February 5, reversed and remanded March 17, 1965

# HALL'S WESTERN AUTO SUPPLY CO. *v.*
# BROCK ET AL

400 P. 2d 5

*James M. McGinty,* Myrtle Creek, argued the cause and filed the brief for appellant.

*Thomas Garrison,* Roseburg, argued the cause for respondents. On the brief were Kelley & Garrison, Roseburg.

Before MCALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

HOLMAN, J.

At all times mentioned the defendant Brock was employed by Douglas County as a powder man in the Road Department. During the latter part of the year 1962 he became indebted to plaintiff. On March 1, 1963, being in financial distress and unable to pay his bills, Brock made an assignment to the defendant Budget Consultants Co. of all of his wages to be earned as a result of his employment by the county during the succeeding twelve months. Budget Consultants

was a debt consolidating agency licensed by the state under Chapter 697 of ORS. Brock entered into an agreement with Budget Consultants that they would return to him his entire wages of about $415 per month, except for $70 which was to be prorated among his consenting creditors after the deduction of Budget Consultants' fees of 15 per cent. Douglas County acquiesced in Brock's assignment.

On April 12 the plaintiff commenced an action on its claim against Brock in the District Court of Douglas County. On April 23 an attachment and garnishment were issued and served upon Douglas County which made a return of nothing due because of the assignment. No proceedings were brought against Douglas County in connection with the garnishment to test the validity of the assignment. A judgment was entered in plaintiff's favor on June 11. The judgment was transcribed to the Circuit Court and an execution was issued out of that court on August 21 and was returned wholly unsatisfied. An offer was made to include plaintiff under the debt consolidation plan, but plaintiff declined.

This present suit, in the nature of a creditor's bill, was then brought by plaintiff against Brock and Budget Consultants asking that the assignment be declared fraudulent and void as to plaintiff, that Budget Consultants be required to account for the money received under the assignment and that plaintiff's judgment against Brock be satisfied out of such money. Plaintiff appealed from a decree dismissing its complaint.

■ That part of Chapter 697 ORS which deals with debt consolidating agencies is nothing more than an act for the regulation of persons engaged in the business of debt consolidation. It in no way affects the

law relative to assignments for the benefit of creditors, nor does it affect creditors' rights.

■ After the enactment of the federal bankruptcy act, which pre-empted the field, Oregon's insolvency statute, §§ 7540-7555 LOL, was of no effect and was subsequently repealed. Assignments for the benefit of creditors are therefore governed by common law when tested in Oregon courts. *Pelton v. Sheridan*, 74 Or 176, 144 P 410; *First National Bank v. Manassa*, 80 Or 53, 58, 150 P 258.

■ The plaintiff has met all prerequisites at common law for the bringing of a creditor's bill to challenge in equity the validity of the transfer of Brock's assets to Budget Consultants. It has a judgment against Brock and an execution returned unsatisfied. *Bays v. Brown*, 160 Or 594, 607, 86 P2d 951; *Security Savings & Trust v. Portland Flour Mills*, 124 Or 276, 303, 261 P 432.

■ Even though plaintiff did not choose to test in the garnishment proceedings against Douglas County the validity of the assignment, he still may bring a creditor's bill. In *Matlock v. Babb*, 31 Or 516, 49 P 873, the court stated at page 519 as follows:

"* * * it is argued that the remedy by creditors' bill in equity is superseded by the garnishee process and by the proceedings supplementary to execution. In so far as it pertains to such process under a writ of attachment, we have just decided, in *Sabin v. Anderson*, 31 Or. 487 (49 Pac 870), that the equitable jurisdiction ordinarily asserted by means of the creditors' bill is not superseded thereby, and that, where garnishee proceedings have not been invoked to the extent of obtaining a trial upon the merits, a creditors' bill will lie to uncover property transferred for the purpose of defrauding creditors and for an accounting. * * *"

Also see *State Farm Mutual Automobile Insurance Company v. Farmers Insurance Exchange,* 77 Adv Sh 559, at page 566, 387 P2d 825, and Pomeroy's Equity Jurisprudence, 2nd ed., Vol. 5, § 872.

■ It is unnecessary for this court to determine the issue of fraud in deciding the validity of the assignment. The assignment was not valid. An assignment by a public employee of wages not yet earned under his contract of employment is invalid as being contrary to public policy. *Hall v. Pierce,* 210 Or 98, 114, 307 P2d 292; *Kaminsky v. Good,* 124 Or 618, 622, 265 P 786. The Kaminsky case is identical to the present one as it concerned a similar assignment by a ferry boat operator employed by Multnomah County. The only difference is that in the Kaminsky case the question was raised in a garnishment proceeding.

The reason such assignments are contrary to public policy is the necessity for an efficient public service. An employee who assigns the benefit of his labor, prior to its performance, is not inclined to be diligent in his work as he is "paying for a dead horse." *Kaminsky v. Good,* supra, at 623.

There has been some question whether the rule applies only to a public officer or whether it applies to a public employee as well. The great weight of authority is that the rule applies to both, as the necessity for its application exists in both instances. Restatement of the Law of Contracts, § 547·(1)(a). See 3 Williston on Contracts, 3rd ed., § 417, page 85, where the author states:

"* * * It is equally applicable to minor public officials, like clerks and copyists, to assessors, to a retired army officer, and generally to all public employees. * * *"

 The assignment being invalid and void, what is Budget Consultants' duty to account? It has no duty to account for those funds disbursed prior to any proceeding against it by plaintiff. Brock acquiesced in Budget Consultants' receipt and disbursement of his funds. Any assets paid to other creditors or retained for its fees by Budget Consultants prior to the commencement of this suit and the service of process upon it will not now be disturbed. *Kaminsky v. Good,* supra, at 628. Budget Consultants obtained notice of plaintiff's claim that the assignment was not proper by the service of process in this suit. In the case of *Hilton v. Clements,* (1940) 137 Neb 791, 138 Neb 143, 291 NW 483, an executor of an estate was required to account for the distributive share of a debtor which he had transferred to an assignee of the debtor after the service of process in a proceedings on a creditor's bill. The court held that the transfer of the assets after the notice of plaintiff's claim could not have been made in good faith and that the service of process in a creditor's bill gives an equitable lien upon the property which it is sought to reach and continues while the cause is pending. Also see *Ruth v. Cox,* 134 Or 200 at 205, 291 P 371; *Flint v. Chaloupka,* (1904) 72 Neb 34, 99 NW 825, 117 Am St Rep 771; *Plummer & Davis v. School Dist. No. 1 of Marianna,* (1909) 90 Ark 236, 118 SW 1011, 134 Am St Rep 28, 17 Ann Cas 508.

Equity, having once gained jurisdiction, will proceed to dispose of the matter fully. Plaintiff is entitled to an accounting of those funds, if any, in Budget Consultants' possession or control at the time of service of process and coming into its hands subsequent thereto. An accounting is not limited to conditions existing at the time the suit was instituted but

covers all matters up to the final stating thereof. 1 CJS, Accounting, § 41(b), page 683.

The assignment by Brock of his wages to Budget Consultants is set aside as being contrary to public policy, and Budget Consultants will be required to account for those assets of the defendant Brock, if any, which were in its hands at the time of and subsequent to the service of process in this case, and such assets will be applied to the payment of plaintiff's judgment against Brock.

The decree of the trial court is reversed with costs to plaintiff, and the case is remanded for proceedings consistent with this opinion.

**CORRECTION**

Argued March 4, affirmed March 17, 1965

## LADD ET AL *v.* GENERAL INSURANCE COMPANY

399 P. 2d 1019

Action involving loss arising out of explosion. From a judgment of the Circuit Court, Douglas County, Charles S. Woodrich, J., against insurance carrier an appeal was taken. The Supreme Court, Per Curiam, held that it was not error to refuse to grant insurer's motion for nonsuit since there was conflicting evidence about intentions of parties when they drew insurance settlement agreement and there was conflicting evidence about facts to which agreement related.

Affirmed.

**Insurance—Nonsuit**

It was not error to refuse to grant insurer's motion for nonsuit, in action involving loss arising out of explosion, where there was conflicting evidence about intentions of parties when they drew insurance settlement agreement and there was conflicting evidence about facts to which agreement related.

*Donald S. Kelley,* Roseburg, argued the cause for appellant. With him on the brief were Kelley & Garrison, Roseburg.

*Gordon G. Carlson,* Roseburg, argued the cause for respondent. On the brief were Yates, Murphy and Carlson, Roseburg.

Before MCALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

PER CURIAM.

This is an appeal from a judgment against an insurance carrier for a loss arising out of an explosion in Roseburg on August 7, 1959.

The factual questions were tried for the second time. In an earlier appeal, we held that the plaintiff's action on an insurance settlement agreement was not barred by an earlier abortive attempt to maintain an action on the insurance policy. See *Ladd v. General Insurance Co.,* 236 Or 260, 387 P2d 572 (1964).

In the trial below the only substantial issues were issues of fact. The trial court found the facts to be in favor of the insured. Judgment was entered accordingly. The only assignment of error challenges

the refusal of the trial court to grant a nonsuit. We are satisfied that there was no error. There was conflicting evidence about the intentions of the parties when they drew the insurance-settlement agreement, and there was conflicting evidence about the facts to which the agreement related. The case was obviously not a proper one in which a nonsuit could be granted.

Affirmed.