Submitted on record and appellant's brief April 10, 1969,
reversed and remanded January 28, 1970

RODAKOWSKI, *Appellant, v.* BUDGET CON-
SULTANTS, INC., ET AL, *Respondents.*

464 P. 2d 686

Porter & Bach, Eugene, for appellant.

No appearance for respondents.

DENECKE, J.

A judgment creditor sued a debt-consolidating agency and the debtor jointly to set aside an assignment of wages as a fraud. The creditor appeals from a decree dismissing her suit.

■ Under the agreement between the debtor and the agency, the debtor assigned all his wages, approximating some $550 each month, to the agency, and the agency agreed to return approximately $400 each month to the debtor "to live on." The exact amount to be returned to the debtor was subject to the provision that the agency would keep "not less than" $150 each month to be distributed to various named creditors. The agency charged a fifteen-per-cent fee for its services. The plaintiff in the case at bar, after an unsuccessful attempt to attach the debtor's wages, brought this suit. (When the writ of execution and notice of garnishment were served on the debtor's employer, the employer answered that because of the assignment nothing was owed the debtor.)

The plaintiff contends that the wage assignment is a fraud upon creditors because the debtor, as a practical matter, retains control of a substantial part of his wages, the assignment notwithstanding.

Under ORS 23.181, a debtor can claim not more than $250 each month as wages exempt from garnishment. By means of the challenged assignment, however, the debtor effectively shields some $400 each month from garnishment. Looking to substance rather than form, the debtor retains control of the greater portion of the assigned property. He thereby accom-

plishes indirectly a greater exemption from execution than could be accomplished without the assignment. Such a scheme is voidable at the suit of an aggrieved creditor.

This court has held consistently that an attempted assignment of assets for the purpose of placing the assets beyond the reach of execution is deemed to be in fraud of creditors whenever the assignor retains an interest in the assigned property. See, e.g., *Willamette Prod. Credit v. Morley,* 248 Or 183, 193, 433 P2d 239 (1967); *Connel v. O'Connor,* 159 Or 348, 354, 80 P2d 542 (1938); *Hesse v. Barrett,* 41 Or 202, 68 P 751 (1902); *Mendenhall v. Elwert,* 36 Or 375, 384, 52 P 22, 59 P 805 (1900); *Leasure v. Forquer,* 27 Or 334, 339, 41 P 665 (1895); *Jolly v. Kyle,* 27 Or 95, 101-102, 39 P 999 (1895); *Lyons v. Leahy,* 15 Or 8, 10, 13 P 643, 3 Am St Rep 133 (1887).

In form, the assignment in the case at bar purports to transfer all wages to the assignee absolutely, leaving within the sole discretion of the assignee the decision whether to refund any money to the debtor. In practice, however, the scheme does what it is designed to do: it shelters the debtor's wages from the reach of the sheriff, while leaving the debtor free to spend a good part of them. This method of circumventing the exemption statute for the benefit of the debtor is an assignment in fraud of creditors. Laws concerning debt-consolidating agencies have been enacted. ORS 697.610 et seq. These statutes, however, are not relevant to the present inquiry.

"That part of Chapter 697 ORS which deals with debt consolidating agencies is nothing more than an act for the regulation of persons engaged in the business of debt consolidation. It in no way affects the law relative to assignments for the

benefit of creditors, nor does it affect creditors' rights." *Hall's Western Auto v. Brock,* 240 Or 85, 87, 400 P2d 5 (1965).

■ Since we have concluded that the assignment of wages in the case at bar must be set aside as a fraud upon creditors, we must consider the plaintiff's prayer for an accounting. Equity, having jurisdiction of the matter, will proceed to its conclusion. In *Hall's Western Auto v. Brock,* supra (240 Or 85), we held that the defendant debt-consolidating agency was accountable only for funds in its hands at the time the summons in the creditor's suit was served upon the defendant agency, and for funds coming into its hands by the assignment thereafter. We hold that the same rule should be followed in the case at bar. The cause is remanded with instructions to set aside the order dismissing the suit, and reinstating the plaintiff's complaint. The court should take such evidence, if any, as may be necessary in order to determine whether any funds are subject to an accounting under the rule announced in *Hall's Western Auto v. Brock,* supra (240 Or 85). To the extent that the defendant received funds belonging to the debtor after service of summons in this suit, the defendant must account to plaintiff.

Reversed and remanded.