WESTERN TELEPHONE MFG. CO. v. AMERICAN ELECTRIC TELEPHONE CO. et al.

(Circuit Court, N. D. Illinois. March 7, 1905.)

No. 24,516.

PATENTS—SUPPLEMENTAL BILL FOR INFRINGEMENT—SUCCESSOR OF DEFENDANT.

Complainant obtained a decree against an Illinois corporation for an injunction and accounting for infringement of a patent, and thereafter filed a petition, in the nature of a supplemental bill, against a New Jersey corporation having the same name as the original defendant, alleging

that, pending the suit, the latter had transferred to it all of its property and good will, receiving payment partly in cash, but principally in the stock and bonds of the purchasing company. It also alleged that the latter company, after the transfer, conducted the defense in the suit, and prayed that it be brought under the injunction, and also be adjudged to pay whatever damages should be recovered on account of its own and its predecessor's infringement. *Held* that, while the petition stated ground for the injunctional relief, it showed no right to the other relief prayed for, and was, moreover, multifarious, being in its latter aspect essentially a creditors' bill.

In Equity. Suit for infringement of patent. On demurrer to petition in the nature of a supplemental bill filed after decree.

Coburn & McRoberts, for complainant.

Bulkley & Durand, for defendant.

KOHLSAAT, Circuit Judge. This cause comes before the court on demurrer to complainant's petition filed in this cause, praying that the American Electric Telephone Company of New Jersey be made a party to said cause and bound by the terms of the decree entered herein on June 3, 1904, and for an order restraining said New Jersey corporation from violating petitioner's rights under patent No. 521,461, granted to H. M. Fisk, June 19, 1894, for a combined annunciator and spring jack for telephone switchboards; also for an accounting as to acts both of itself and the defendant in the original suit—the Illinois corporation of the same name—the latter, it is alleged, being one of the constituent members of said New Jersey corporation; and for other relief. The petition is in the nature of a supplemental bill, but is not in proper form. No exception, however, is taken to the form by defendants. The petition will therefore be considered as a supplemental bill for the purposes of this motion.

It is not alleged in the petition, but does appear from the record, that the original bill was filed herein on the 19th day of May, 1897. From the allegations of the petition, and from the exhibits attached thereto, it appears that after the filing of the bill, and about May 1, 1900, the original defendant, the Illinois corporation, conveyed its assets, good will, etc., to the New Jersey corporation, and received therefor the following consideration: Debenture bonds of the New Jersey Company, $140,000; preferred stock of the New Jersey Company, $275,000; common stock of the New Jersey Company, $900,000; cash, $50,000. The New Jersey Company also acquired the Victor Telephone Manufacturing Company. So that the New Jersey company had the tangible assets of these two plants. As a part of the scheme, the New Jersey company was to provide a working capital of $75,000. The principal owners of the stock of the Illinois company and the Victor Company thereby became the owners of a majority of the stock of the New Jersey company and officers thereof. Thereafter the Secretary of State for Illinois issued a certificate to the effect that the charter of the Illinois company was canceled. This, however, is not the method prescribed by law for revocation of the charter, so that, for the purposes of settling up its affairs, so far as appears in this record, the Illinois

corporation is still in existence.  People v. Rose, 207 Ill. 352, 69 N. E. 762.  It is not alleged in due form in the petition that the Illinois corporation is insolvent.  On the other hand, the defendants insist that the petition shows that the choses in action, book accounts, etc., were never transferred.  The petition further charges that the New Jersey corporation has heretofore defended the original suit.  This is admitted by the demurrer.

It is complainant's contention that the transaction between the two companies constituted either a consolidation, or continued the Illinois defendant's business under a new name, and that, under the law of Illinois, the New Jersey company is liable in this proceeding to complainant for claims it holds against the Illinois company, at least to the extent of the assets received by it from the latter.  It is sought also by this petition, not only to restrain the New Jersey company from infringing according to the terms of the decree of June 3, 1904, but also to subject the property of said company to the payment of all amounts due in an accounting, and for damages from both the original and supplemental defendant.  Defendants' demurrer is general and special.  The first special ground of demurrer is that the bill is multifarious, and the second sets up similar cause; the third is that the original defendants are not made parties; the fourth is that there is no privity between the two defendant corporations; the fifth is that there exists a misjoinder of defendants; the sixth is that the petition alleges conclusions instead of facts.

Undoubtedly, in a proper case, complainant would be entitled to have the New Jersey corporation brought in by supplemental bill, even after decree.  Story's Equity Pleading, § 338.  The complainant seeks to obtain relief in this case on the ground that a fraud was perpetrated by defendant when the property was transferred to the New Jersey Company.  There is no more evidence of this than the allegation of the petition to that effect.  The exhibits to the bill show a transfer of a large amount of cash, as well as bonds, and seem to indicate a valid transaction, as against a mere allegation, even when a demurrer is filed, which ordinarily admits every allegation which is well pleaded.  There is nothing in the facts which would give complainant a right to subject the New Jersey corporation to the payment of a mere money decree against the Illinois company.  Yet it is here attempted to subject it to the payment of whatever is found due therefrom on accounting, and all damages growing out of transactions of the Illinois company.  It may, perhaps, be conceded that in a proper case the New Jersey company, having purchased, pendente lite, whatever right defendants had to manufacture and handle the infringing device, continuing to do so, could be made a party to the suit through the filing of a proper supplemental bill, and subjected to the injunctional order, but it would be beyond the power of a court to combine with this relief an order laying hold of the assets obtained by the New Jersey company from the Illinois company, for a valuable consideration, for the purpose of satisfying a sum alleged to be due from the latter to the complainant.  As to this item, it seems clear the bill at-

tempts to join an ordinary creditors' bill with one for an injunction to restrain the infringement of a patent. For the purposes of accomplishing this latter result, i. e., subjecting the New Jersey company to the injunctional order, there is, I think, clearly a case made by the petition for this relief, as well as for an accounting and the assessment of damages against the New Jersey company for its own acts. When, however, it is sought to combine with that remedy a demand that any judgment or decree which may be recovered against the Illinois company be declared to attach to property conveyed to the New Jersey company, even though conveyed for the purpose of evading the effect of any decree which may be obtained against the Illinois company, then that part of the bill is not only foreign to the purpose of such a supplemental bill, but renders the bill or petition multifarious. For the purpose, also, of this relief, if it were proper herein, the defendants in the original suit are necessary parties defendant to the petition. There arise cases wherein a court of equity, having obtained jurisdiction for one purpose, will hold the case for all incidental relief. But this matter is new, and not germane to this defendant's liability as an infringer. The case of Kinsman & Goddard v. Parkhurst, 18 How. 289, 15 L. Ed. 385, relied on by petitioner, is an authority for the above proposition. In that case the master had made a report finding that Goddard, to whom Kinsman had transferred his rights pendente lite, was liable for profits on sales made by ·Kinsman before the sale. The court held that the master had misconstrued the decree, but that, not· having excepted to the report, Goddard was barred from asserting the error. While not affirmatively deciding the point above made, the court gives unmistakable intimation in its opinion that such an order, if excepted to, would be error.

The demurrer is therefore sustained.