WESTERN TELEPHONE MFG. CO. v. AMERICAN ELECTRIC CO. et al.

(Circuit Court, N. D. Illinois. December 18, 1905.)

No. 24,516.

PATENTS—SUPPLEMENTAL BILL FOR INFRINGEMENT—SUCCESSOR OF DEFENDANT.
    Pending a suit for infringement of a patent by an article made under a later patent, the defendant sold its business, property, and good will to another corporation, which took an assignment of the license under which the alleged infringing article was made, and continued its manufacture and sale, afterwards obtaining a new license by which it contracted to make and sell the article during the life of such license. *Held*, that the purchaser assumed such relation to the subject-matter in suit that, after decree finding infringement, it might be brought in by supplemental bill and subjected to the injunction granted thereby, and to liability for damages under such decree as to acts of infringement committed by it subsequent to its purchase.

In Equity. On demurrer to amended supplemental bill.
For former opinion, see 137 Fed. 603.

Coburn & McRoberts, for complainant.
Chas. C. Bulkley and W. Bancroft Jarvis, for defendant.

KOHLSAAT, Circuit Judge. This cause is now presented to the court on demurrer to complainant's amended supplemental bill. The cause was heretofore before the court on demurrer to complainant's original supplemental bill, wherein it was sought to subject the defendants herein to the terms of the decree for an accounting entered against the defendants in the original bill, at which hearing the demurrer was sustained. 137 Fed. 603. It is now sought by the amended supplemental bill to subject this defendant to the injunctional order entered in the original cause, and to require an accounting as to acts of infringement committed by this defendant subsequent to those committed by the original defendant. The demurrer sets up certain technical objections to the petition which are not material and need not be considered, and alleges, further, that the alleged acts of infringement of defendant herein are distinct and independent causes of action, arising, if at all, after the commencement of the original suit and entirely independent of the acts of the original defendant; that the doctrine of a pendente lite transfer does not apply; and that the original decree is not res adjudicata as to the New Jersey corporation. The allegations of the supplemental bill fail to establish such a case as would justify the court in finding that the transfer by the original defendant to the defendant herein was made for the purpose of avoiding the effect of the decree in the original suit. While there is some ground for the claim that this defendant conducted the defense in the original suit, there is lacking proper allegations as to the mutuality of the matters claimed to operate as an estoppel. It is too well settled to require citation of authorities that one taking the res, pendente lite, by assignment or transfer, is bound by the judgment of the court as to that res. It seems clear on authority that in a case like the one now presented, the court has the power to subject the assignee or transferee to the terms of the original decree so far as it affects the res.

Demurrant insists that in the present case there is no res, and that the supplemental bill seeks to subject the defendant to a mere money liability for new torts. Of course, this cannot be done in a supplemental proceeding. But is there no res? The opinion of the Court of Appeals in the original cause (131 Fed. 75, 65 C. C. A. 313) finds that "appellee's device is manufactured according to letters patent Nos. 617,691 and 617,692, January 10, 1893, to Overshiner," and holds that "the fact that Overshiner improved upon Fisk * * * is no warrant for using appellant's property without leave." One of the admitted allegations of the amended supplemental bill herein is that this defendant "did on or about said 19th day of May, 1900, take possession and control, and did assume the ownership, of all the property, * * * franchises, * * * business, and good will" of the original defendant, including its plant and stock of material and merchandise, and continued at the same place the manufacture and sale of annunciators and spring jacks identical in construction and operation with complainant's Exhibit Defendant's Device, found to be an

infringement by this court, and that the Overshiner license granted to the original defendant was assigned and transferred to this defendant by said original defendant, pendente lite. It also appears from Exhibit H to this amended supplemental bill that defendant herein entered into a new agreement with Overshiner, dated July 2, 1900, and pending said original suit, whereby, in consideration of a new license to manufacture under the Overshiner patents aforesaid, thereby granted, and for other privileges therein given, defendants agreed to make and sell said inventions in switchboards to the exclusion of all others during the life of the license. It thus satisfactorily appears that defendant herein is continuing to operate under the Overshiner patents, which the court has held to be infringements of complainant's device, and that defendant was and is well advised of the decree in the original case.

It seems clear to me that these facts, in view of the necessity for the avoidance of unnecessary litigation, warrant the court in overruling the demurrer; and it is so ordered.