NEW YORK SECURITY & TRUST CO. v. LINCOLN ST. RY. CO. et al.

(Circuit Court, D. Nebraska. May 7, 1896.)

1. EQUITY PLEADING—ORIGINAL AND SUPPLEMENTAL BILLS.

If the original bill fails to set up a state of facts justifying the relief sought, a supplemental bill, based on facts afterwards occurring, cannot be sustained. But if the original bill is well founded, it is then permissible to set forth subsequent facts showing a right to further relief, within the scope of the relief sought in the original bill.

2. SAME—MORTGAGE FORECLOSURE PROCEEDINGS.

Ordinarily, a foreclosure bill may be maintained upon a default in payment of interest coupons, and in such case defaults subsequently occurring may properly be set up by a supplemental bill.

3. MORTGAGES TO SECURE BONDS—POWERS AND DUTIES OF TRUSTEE—REQUEST OF BONDHOLDERS FOR FORECLOSURE.

A mortgage to secure bonds provided that no foreclosure proceedings should be instituted, except by the trustee, unless he should refuse to do so on the reasonable request of the bondholders; and it was expressly made the duty of the trustee to foreclose, on the requisition in writing of a certain proportion of the bondholders. *Held*, that the limitation in respect to foreclosure was not upon the trustee, but on the individual bondholders, and that, primarily, it was left to the discretion of the trustee to determine whether foreclosure proceedings should be commenced, but with a positive duty to do so on the request of the specified number of bondholders.

This was a suit in equity by the New York Security & Trust Company against the Lincoln Street-Railway Company and others for the foreclosure of a mortgage securing an issue of bonds. The cause was submitted on demurrers filed by the defendants.

Hornblower, Byrne & Taylor and Harwood, Ames & Pettis, for complainant.

Cobb & Harvey and Sawyer, Snell & Frost, for defendants.

SHIRAS, District Judge. This suit was commenced on the 25th day of March, 1895, and on the 7th day of October, 1895, an amended and supplemental bill was filed, to which the defendants have interposed several demurrers. Upon the argument had upon the demurrers, the point made is that, when the original bill was filed, the

right to proceed by way of foreclosure did not exist; that the facts recited in the supplemental bill, showing that since the filing of the original bill defaults have been made in the payment of interest coming due upon the bonds secured by the mortgage executed by the Lincoln Street-Railway Company, and that a majority of the bondholders had in writing directed the trustee to declare the principal debt secured by the mortgage to be due and payable, which declaration had been made by the trustee in accordance with the provisions of the mortgage, could not be availed of in support of the suit, because such facts did not exist when the suit was commenced; and that in the original bill a right to ask a decree of foreclosure was not shown to exist.

The question is whether the original bill set forth a substantial cause of action, for it is admitted by counsel for complainant that, if the original bill fails to set up a state of facts justifying the relief sought, or, in other words, fails to set up a cause of action then existing, a supplemental bill, based upon facts occurring after the filing of the original bill, cannot be sustained. Bernard v. Toplitz, 160 Mass. 162, 35 N. E. 673; Shields v. Barrow, 17 How. 130; Candler v. Pettit, 1 Paige, 168. If, however, the original bill is well founded, or, in other words, sets forth a cause of action and ground for relief, then it is permissible to set forth in a supplemental bill facts happening after the filing of the original bill, which show that complainant is entitled to further relief, within the scope of that sought in the original bill. Thus, if a bill for foreclosure of a mortgage is filed upon the ground that part of the debt secured by the mortgage,—as, for instance, installments of interest,—has come due and is unpaid, and the court would be authorized to grant a decree of foreclosure therefor, it is, in such case, open to the complainant, by filing a supplemental bill, to show that since the original bill was filed other installments of interest have fallen due and remain unpaid, or that the principal, in part or in whole, has become due and payable, either by lapse of time, or by the action of the trustee, in pursuance of the provisions of the mortgage deed. Jones, Mortg. (4th Ed.) § 1186; Malcolm v. Allen, 49 N. Y. 448. In fact the cause of action in this case is based upon the alleged violations of the terms of the mortgage, and the right of foreclosure created thereby. When the foreclosure takes place, account must be taken, not only of the portions of the debt actually due, but also of the portions yet to come due. Thus in Howell v. Railroad Co., 94 U. S. 463, it was said:

"The company, therefore, had a right to mortgage their property for the payment of these installments of interest, as well as principal, and to make it one of the provisions of the mortgage that it might be foreclosed, if these installments were not paid as they fell due. There can, in fact, be but one decree of foreclosure of the same mortgage on the same property, and it is a necessity of that foreclosure, under the principles of the court of chancery, that all the sums secured by that mortgage must be protected according to their priority of lien."

It thus appears that the real question involved is whether, at the time the original bill was filed, the facts were such that a bill of foreclosure could be sustained. In the original bill it was averred

that the installments of interest coming due on the first days of April and October, 1894, had not been paid, that due demand therefor had been made, and that the default in payment had existed for more than six months; and it is admitted that, ordinarily, a suit for foreclosure could be maintained on such default in the payment of interest, but the right in this particular case is denied, on the ground that no suit to foreclose could be instituted for default in payment of interest, except the trustee was required to thus proceed by a requisition signed by the holders of at least $300,000 of the mortgage bonds.　This contention is based upon the provisions of article 10 of the mortgage deed, which is as follows:

"No action shall be commenced or prosecuted against the said party of the first part to enforce the mortgage hereby created by reason of any default upon any of said bonds or coupons, or otherwise, except by the said trustee, or its successors in the trust, unless the trustee, for the time being, upon the reasonable request of the holders thereof, as hereinafter set forth, shall refuse to take such action. It is hereby declared and agreed that it shall be the duty of the trustees to exercise the power of entry hereby granted, or the power of sale hereby granted, or both, or to take proper proceedings, in equity or at law, to enforce the rights of bondholders under these presents, upon the requisition in writing of certain of said bondholders, as hereinafter specified. * * *"

If this article operates as a restriction upon the right of the trustee to institute foreclosure proceedings, it equally operates as a restriction upon the right of entry secured to the trustee by article 3, and the right of sale conferred by article 4; and, according to this construction, the trustee could not act for the protection of the bondholders, either by way of taking possession of the property or selling it, or by instituting foreclosure proceedings, unless expressly authorized so to do by holders of at least $300,000 of the bonds secured by said mortgages, and thus the power of the trustee to act for the protection of the bondholders would be denied, until authority was given by getting a consent of action among holders of $300,000 worth of the bonds.

The limitation created by the provisions of article 10 is not upon the right of the trustee, but upon that of the individual bondholder. The first clause of the article declares that no action shall be commenced by reason of any default on the part of the mortgagor, except by the trustee, except upon the reasonable request of the bondholders. This is not a limitation upon the right and power of the trustee to institute proceedings, whenever in its judgment such a course is needed in the interests of the bondholders. Primarily, it is left to the discretion of the trustee to determine whether proceedings for foreclosure should or not be instituted. For the protection of the bondholders, however, it is further provided that it is the duty of the trustee to institute proceedings for foreclosure, when so requested by the holders of $300,000 of the secured bonds. If the requisite number of bondholders direct the trustee to institute proceedings, then it becomes its duty so to do. If not so directed, then it is left to the discretion of the trustee to determine whether the interests of the parties demands such action on its part. In either event, the right and power to act, by the institution of fore-

closure proceedings, exists in the trustee whenever the default on part of the mortgagor is such that a right of foreclosure exists against it. The allegations in the original bill, as well as those contained in the supplemental bill, show that, when the original bill was filed, such a default in the payment of interest had occurred that a right to file a bill for the foreclosure of the mortgage existed, and the original bill was property filed for that purpose. After the filing of the original bill, other defaults occurred, and it is alleged that action was taken by the bondholders, declaring the whole of the principal of the bonds to be due. If such defaults in the payment of interest occurred, and action was taken with a view to declaring the principal debt to be due, such facts are entirely germane to the foreclosure proceedings, and a supplemental bill is the proper mode for bringing them before the court.

Demurrers are therefore overruled.