UNITED STATES PLAYING-CARD CO. v. SPALDING et al.

(Circuit Court, S. D. New York. February 28, 1899.)

PATENTS—SUITS FOR INFRINGEMENT—VIOLATION OF INJUNCTION.
    Where the question of the violation by a defendant of an injunction issued in a suit for infringement of a patent depends on whether or not a new article sold by defendant since the granting of the injunction is an infringement of complainant's patent, which is an intricate question, dependent on structure, and requiring a comparison of the article with others, and a consideration of other patents, the court will not undertake to determine it on a motion for an attachment, but, no intentional violation being claimed, will deny the motion, and leave the complainant to his remedy by a new bill.

In Equity. On motion for attachment for violation of injunction.

Arthur v. Briesen, for the motion.

Fred. L. Chappel, opposed.

WHEELER, District Judge. The statement in the opinion heretofore filed (92 Fed. 368) upon the motion for an attachment herein,

that Spalding & Bros. appear to have respected the injunction, was founded upon that of plaintiff's counsel at the argument, which was understood to mean that they had not done anything that was now complained of. Attention has since been called to the answering affidavit of their manager, which states that since the injunction Ihling Bros. & Everard have sold to them "a tray known as the 'New Kalamazoo Tray,' which this deponent is informed and believed was manufactured under a patent antedating the Bisler patent, here in suit, and was therefore obviously not included or contemplated in the decree of the court, or in the above-named injunction, as an infringement." This tray is the one complained of, and a mere denial of the motion would leave the decision to look like an adjudication that it is not an infringement, which would not be correct; for, in the view taken, that would be immaterial, and no conclusion was reached upon it. That prior patent was the Butler patent, and, in view of that statement now noticed in the affidavit, that structure becomes material, and the question arising upon it has been further examined. The Butler patent was for an open tray in the form of a cross, into the arms of which the hands of cards were to be pushed from the interior between guides, and to be held down there by elastic bands around the arms above the cards. This New Kalamazoo tray is open, and in the form of a cross, and in appearance somewhat like the Butler patent; but it has a block in the interior, forming, with the sides, cribs for holding the hands of cards, which are pushed from the exterior under bars which hold them down; and it has the features of the Bisler patent, and of the structure which has been held to be an infringement, except that it is open, and the bars hold the hands down in place, instead of the cover. So, it does not appear to be made according to the Butler patent, and it may be an infringement of the Bisler patent, and its sale a violation of the injunction, in which Spalding & Bros. and Ihling Bros. & Everard had part. But the Bisler patent is for improvements upon the Butler trays and others, and this new tray cannot be definitely determined to be an infringement without comparing it, in the light of evidence, with that and still other patents and structures. This cannot be safely and properly done on this motion, which is in its nature criminal, and in result sought punitive, requiring full proof of a violation that is obvious to the senses, without intricate comparison or study. The position of Spalding & Bros. here, who are acquitted by counsel of the plaintiff of any intentional, although not of actual, violation of the injunction, shows that this question of violation is intricate, and cannot be determined upon merely obvious appearances. As now considered, such an alleged infringement should be left to a new bill.

The conclusion reached is that the motion for an attachment must be denied, as before, except that it should be without prejudice, instead of as an adjudication in respect to infringement by the sale of this now new tray. "Without prejudice" to be added to denial of motion.