### MELLOR v. SMITHER.

(Circuit Court of Appeals, Fifth Circuit. February 25, 1902.)

**1. EQUITY—PLEADING—AMENDED AND SUPPLEMENTAL BILLS.**

A plaintiff who had no cause of action at the time of the filing of his bill cannot, by amendment or a supplemental bill, introduce one which accrues thereafter; but where the original bill states a cause of action, although defectively, the defects may be cured by amendment, and material facts occurring after the bill was filed may be brought in by a supplemental bill.

**2. SAME.**

Where leave is given to file a supplemental bill to introduce matters arising subsequent to the filing of the original bill, the court will permit other matters to be incorporated therein which might have been brought into the original bill by amendment.

**3. PARTNERSHIP—ACCOUNTING BETWEEN PARTNERS—RIGHT OF ACTION.**

Plaintiff was surviving member of a firm which had been engaged in business transactions with defendant relating to the purchase and sale of cotton. The firm had rendered defendant accounts covering such transactions, which had been received without objection, and it subsequently made a written assignment to another of its "claim and cause of action" against defendant "for a balance due upon an account stated," specifying two accounts which had been rendered, together covering all of such transactions. The assignee brought an action at law on the

accounts, against which defendant successfully defended, on the ground that the relations between him and the firm in respect to the transactions in question were those of partners, and that there had been no accounting between them. *Held*, that plaintiff, as surviving partner of his firm, had the right to maintain a suit in equity against defendant for an accounting, notwithstanding the assignment.

4. EQUITY—PLEADING—SUPPLEMENTAL BILL.

Having instituted such a suit, an amended and supplemental bill, filed by leave of court, setting out that since the filing of the original bill the assignee of the account stated, who had been made a party defendant, had died, but had previously disclaimed any right, title, or interest in the cause of action, and that his executors had executed a release of the same to plaintiff, did not state a new cause of action, but supplied pertinent facts showing that plaintiff was entitled to receive whatever sum should be shown to be due from defendant on the accounting.

Appeal from the Circuit Court of the United States for the Northern District of Texas.

This is an appeal from a decree sustaining a demurrer to the amended and supplemental bill of complaint in the cause. The plaintiff, Mellor, filed his original bill of complaint in the case May 30, 1898, as surviving partner of the commercial firm of Mellor & Fenton, of Liverpool, his copartner having died in 1895. The bill shows an agreement between plaintiff's firm and the defendant John T. Smither for the purchase of cotton in the state of Texas and the sales of cotton for future delivery, and certain purchases and sales in accordance with such agreement, and certain losses in such business, and purchases and sales of cotton and futures for the individual account of Smither, and certain losses in such business. It is averred that in conducting the business on joint account, and attending to the individual transactions of the defendant Smither from September 15, 1892, to September 15, 1893, the plaintiff's firm paid out various sums for charges and expenses, and sustained certain losses, whereby, upon an accounting between the parties, there became due to the plaintiff's firm from defendant Smither the sum of £1,424. 19s. 10d.; that on or about January 26, 1894, the plaintiff's firm sent to Smither an account of all the transactions on joint account between them and Smither, and also on the individual account of Smither, showing the balance above stated to be due to plaintiff's firm, which balance represented one-half the loss on transactions on joint account and the entire loss on individual transactions of Smither, and the expense and charge of conducting said joint and individual business; and it was further averred that on or about the 30th day of March, 1894, the defendant Smither paid on account of said indebtedness the sum of £711. 12s. 11d. The bill further averred other transactions of a similar character between September 15, 1893, and January 12, 1895, in consequence of which, and of certain errors made by Smither in the deduction of profits and drawing of drafts, whereby Smither became further indebted to plaintiff's firm in the amount of £3,851. 5s. 9d.; and that the total amount due to the plaintiff's firm for the transaction of both seasons, from September 15, 1892, to September 15, 1893, and from September 15, 1893, to January 12, 1895, was the sum of £4,505. 10s. 1d., which, in the currency of the United States of America, amounted, on the 12th day of January, 1895, to the sum of $21,982.50. The bill further averred that on or about the 27th day of March, 1895, plaintiff's firm assigned in writing to the defendant William H. T. Hughes all its claim and demand based upon the accounts rendered and stated by plaintiff's said firm to the defendant Smither for the individual and joint transactions of the two separate periods from September 15, 1892, to September 15, 1893, and from September 15, 1892, to January 12, 1895; that in April, 1895, Hughes commenced an action at law in the supreme court of the state of New York, for the county of New York, against the defendant Smither, to recover upon said account stated and rendered the amount thereof, namely, the sum of $21.982.50, with interest, said action being based upon the

said account stated and the acceptance thereof by John T. Smither, on the theory that the original parties, Mellor & Fenton, on the one hand, and John T. Smither, on the other, bore the relation to each other of consignor and consignee, or principal and agent, and that the account should be settled between them as in ordinary cases between merchants, and not as between partners; that Smither defended the action upon the theory that the original partners were co-partners, and that the action on the account stated would not lie, and that the issues in this action in New York were duly brought to trial, and resulted in a judgment in favor of the defendant Smither, dismissing the complaint upon the merits, but expressly without prejudice to an action or suit in any court having jurisdiction thereof and of the parties for a settlement of the account of said partnership transaction. It was further averred that an appeal was taken from the above judgment to the appellate division of the supreme court for the First department in New York, where the judgment was affirmed, expressly on the ground that the action was brought by the assignee of the claim for an account stated as between principal and agent, and that, the relation between the parties being that of partners, there could be no settlement of the partnership transactions in the suit. It was further averred that Hughes had appealed from the adverse judgment of the appellate division of the supreme court of New York to the court of appeals of that state, and that such appeal was pending and undetermined; but the plaintiff, desiring to avail himself of the privilege of a suit for an accounting as between himself as surviving partner and the defendant Smither, brings this suit, and also joins Hughes as a defendant. The bill further averred that by the judgment of the supreme court of New York the actions in respect to the above-mentioned transactions and dealings between plaintiff's firm and Smither were still open and unsettled, and that, if the accounts between the plaintiff and the defendant Smither should be properly taken, a considerable balance would be due to the plaintiff from said Smither, and that such an accounting could not be properly taken except in a court of equity. The plaintiff, therefore, prayed that the defendant Smither might make a full and true discovery and disclosure of and concerning all and singular the transactions and matters set forth in the bill, and that an account might be taken, by and under the direction of the court, of all dealings and transactions between the plaintiff as surviving partner and the defendant Smither; that in taking such account the defendant Smither might be charged with overpayments made to him by plaintiff's firm on account of fictitious profit, and also with such sums of money as were paid, laid out, and expended by plaintiff's firm for and on account of the individual transactions of the defendant Smither during the periods referred to in the bill of complaint; that the rights of the defendant Hughes might be determined; that the balance which might be found upon the taking of such account to be due by Smither to the plaintiff's firm might be paid by the defendant Smither to the plaintiff; and that such other and further relief might be granted as might seem just.

The defendant Smither demurred to the bill for want of equity, and because it was claimed that the demand of plaintiff had been assigned to Hughes, and there was no explanation in the bill under which such assignment could be ignored; that no estoppel was set up against Smither as to errors and omissions; and, finally, that the bill does not set forth itemized accounts in a proper manner.

On October 22, 1900, the case came on to be heard upon demurrer, and the demurrer was sustained, but no order was made to dismiss, and, on motion of plaintiff, leave was granted to amend the bill. Thereupon, on December 3, 1900, the plaintiff, Mellor, filed his amended and supplemental bill of complaint. This amended and supplemental bill in some respects amended the allegations of the original bill, and in other respects it stated matters occurring since the filing of the original bill by way of supplement. It sets forth more particularly and at large the various transactions between complainant's firm and John T. Smither, both on joint account and on the individual account of Smither, and claims Smither to be indebted to plaintiff, as surviving partner, in the same sum of $21,982.50. It further avers that the dealings and transactions between the plaintiff's firm and Smither, in which

they were interested together, in accordance with and pursuant to the agreement between them entered into on or about September 30, 1892, for the purchase of cotton and the sales of cotton futures and spot cotton, did not cease until January 12, 1895, when the final account between the parties was sent by plaintiff's firm to Smither. It further shows that on or about the 26th day of January, 1894, plaintiff's firm sent to Smither an account of the transactions relating both to the joint account business and the individual transactions of Smither, covering the period of the first cotton season from September, 1892, to the close of the year 1893, claiming a balance due in United States currency of $3,188.32, and that on or about January 12, 1895, plaintiff's firm sent to Smither an account of the firm's transactions, and the individual transactions of Smither, for the second cotton season, from September, 1893, to the close of the year 1894, claiming a balance of $18,794.18. It is further alleged that about March 27, 1895, the plaintiff's firm, assuming that these accounts had become accounts stated and that Smither had admitted his liability, duly assigned to one William H. T. Hughes, by an assignment in writing and under seal, all its claim and cause of action against Smither for the balance, $21,982.50; and it was alleged that Hughes, who had been named as a party in the original bill, was now deceased. The assignment to Hughes was annexed as an exhibit to the amended and supplemental bill. The amended and supplemental bill further set forth the action that had been brought by Hughes in the supreme court of the state of New York; the method of defense adopted there by Smither; the dismissal of the suit without prejudice to an action or suit for a settlement of the account of partnership transactions; the appeal to the appellate division of the supreme court of New York; the affirmance of the judgment dismissing the suit on the ground that the action was brought by the assignee of a claim for an account stated as between principal and agent; and that, the relation between the parties being that of partners, there could be no settlement of the partnership transactions in that suit. The affirmance of this judgment by the court of appeals of New York, in May, 1900, is further alleged. It is also averred that Hughes had died, and that Hall and Dunham were duly qualified as his executors, and that prior to his death Hughes had disclaimed any right, title, or interest in the cause of action embraced in the original bill of complaint, and, although named as a party, had not appeared or filed any pleading. It is averred that the executors, on or about November 23, 1900, had executed and delivered to the plaintiff an instrument transferring or releasing to the plaintiff all right, title, and interest in and to the cause of action embraced in this case, and disclaiming any right, title, and interest in any cause of action whatsoever against the defendant Smither, arising out of the partnership transactions between Mellor & Fenton and Smither, at law or in equity, of any kind, nature, or description, and also all right to an accounting of Smither, and all right to participate in the result or proceeds of any accounting in this suit. It is averred that the executors had surrendered and delivered up to the plaintiff the original assignment, and had executed the instrument of release and disclaimer. It was further averred that the accounts in respect to the above-mentioned transactions and dealings between plaintiff's firm and Smither are still open and unsettled, and that upon an accounting in this suit a balance of at least $21,982.50, with interest from January 12, 1895, will be found due the plaintiff's firm from Smither, and that an accounting can be properly had only in a court of equity. There was a prayer for an accounting between plaintiff and defendant, for discovery, for general relief, and for a decree for the amount found due to the plaintiff.

To this amended and supplemental bill Smither filed a demurrer upon the grounds, substantially, that the bill was not properly entitled; that it set up a new cause of action; that, if it be a supplemental bill, then it appears that plaintiff had no cause of action at the time of filing the original bill; that, if it be construed as an amended or supplemental bill, the plaintiff shows that he had no interest when he filed his original bill; that, as appears on the face of the amended and supplemental bill, the cause of action sued upon was transferred to Hughes, and sued upon by him in New York, and has never passed to plaintiff in manner and form as required by law;

that the amended and supplemental bill fails to set forth items of the account, and fails to allege and show that plaintiff is not already in possession of full itemized accounts; that the individual transactions between plaintiff's firm and respondent cannot be embraced in the bill; and, finally, that the plaintiff has a plain, adequate, and complete remedy at law.

The cause came on to be heard upon the demurrer of defendant, and it was sustained by the court. The plaintiff having refused to amend his bill of complaint, it was dismissed, and thereupon an appeal was taken by plaintiff to this court. It is assigned that the court erred in sustaining the demurrer and dismissing the bill.

William Wirt Howe (Hatch & Wickes, W. B. Spencer, C. P. Cocke, and J. W. Davis, on the brief), for appellant.

W. S. Banks, Geo. Clark, and D. C. Bollinger, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The correct decision of this case turns on the question whether or not the plaintiff at the time he filed his bill had a cause of action. If he had no cause of action then, he cannot, by amendment or supplemental bill, introduce a cause of action that accrued thereafter, even though it arose out of the same transaction that was the subject of the original bill. 1 Beach, Mod. Eq. Prac. § 496; Straughan v. Hallwood, 30 W. Va. 274, 4 S. E. 394, 8 Am. St. Rep. 29; Hill v. Hill, 10 Ala. 527. But where a cause of action exists at the filing of the bill which is defectively presented by the bill, the defects may be remedied by amendment (Equity Rules 28, 29), and matters occurring after the filing of the bill may be presented by supplemental bill (Equity Rule 57; Jenkins v. Bank, 127 U. S. 484, 486, 8 Sup. Ct. 1196, 32 L. Ed. 189; Hoxie v. Carr, 1 Sumn. 173, Fed. Cas. No. 6,802). Where material facts have occurred subsequent to the beginning of the suit, the court may give the plaintiff leave to file a supplemental bill, and where such leave is given the court will permit other matters to be introduced into the supplemental bill which might have been incorporated in the original bill by way of amendment. Stafford v. Howlett, 1 Paige, Ch. 200. But, in cases where the plaintiff had no cause of action when the bill was filed, neither amendment nor supplemental bill presenting occurrences subsequent to the filing of the bill can prevent its dismissal.

The application of these principles to this case presents this question: Did the assignment by Mellor & Fenton to William H. T. Hughes deprive the former of the right to file a bill to have an accounting of the partnership transactions between themselves and John T. Smither? The assignment in question is as follows:

"Know all men by these presents that, for and in consideration of the sum of one dollar and other valuable consideration, we, William Moseley Mellor and Edward Kentish Barnes, composing the firm of Mellor & Fenton, of Liverpool, England, do hereby assign, transfer, and set over to William H. T. Hughes, of the city of New York, all our claim and cause of action against John T. Smither, of Temple, Texas, for a balance due upon an account stated and rendered to said Smither on the 5th day of February, 1894, of transactions between June 10, 1892, and September 30, 1893, and also a certain other account rendered and stated to said Smither on January 12,

1895, with respect to transactions betwen September 30, 1893, and January 12, 1895. In witness whereof we have hereunto set our hands and seals this 27th day of March, 1895.                    Mellor & Fenton.

"E. Kentish Barnes."

The bill alleges that a partnership existed between the firm of Mellor & Fenton and John T. Smither for the purpose of dealing in cotton. Mellor & Fenton had prepared an account of their partnership dealings during certain periods, and sent it to Smither. He having made no objection to the account, they transferred it to Hughes, who sued on it at law as a stated account. Smither defended on the ground that the account between him and Mellor & Fenton had not been stated. It was decided that the action at law on the account would not lie, and the suit was dismissed without prejudice to the right to sue for an accounting. Hughes v. Smither, 23 App. Div. 590, 49 N. Y. Supp. 115, 163 N. Y. 553, 57 N. E. 1112. After the dismissal of the action at law by the supreme court of New York, and pending an appeal, this suit was begun by Mellor, surviving partner of Mellor & Fenton, against Smither, making Hughes also a party, for an accounting of the partnership transactions. Smither demurred to the bill, claiming that the assignment of the stated account to Hughes left no right of action in Mellor for an accounting. The demurrer was sustained, but leave given to file a supplemental bill. An amended and supplemental bill was then filed, to which the defendant renewed his demurrers, as shown in the statement of the case.

It is a general rule that when a partnership is ended, or where grounds for its dissolution exist, the right of a partner to maintain a bill is undoubted. As said by the text writers: "The right of every partner to have an account from his copartners of their dealings and transactions is too obvious to require comment." George, Partn. § 142. Smither contended in the litigation at law in New York that the account had not been stated between him and Mellor and Fenton. The accounts not having been settled, the right to have them stated certainly existed after the assignment either in Mellor & Fenton, or in Hughes, or in both. Smither could not successfully contend that the assignment transferred no account stated, and yet that it had the effect of destroying the right as against him to secure a statement of the account. Whether or not the assignment conferred such rights on Hughes that he could have sued in equity for an accounting we need not consider. We have here to deal only with the question of Mellor's right to have an accounting, notwithstanding the assignment. It is stated by more than one learned author that a partner, after he had parted with his entire interest in the partnership, was entitled to an accounting. Lindley says: "If a partner's share is taken in execution, the purchaser from the sheriff is entitled to an account from the solvent partners, as is also the execution debtor himself." 2 Lindl. Partn. § 493. This is quoted with approval in George, Partn. § 142. Bates, also, maintains the right of the partner whose interest in the firm has been sold under execution to have an accounting, but he says this is true, "for he may still have an interest, inasmuch as the sheriff cannot sell book debts." 2 Bates, Partn. § 928.

In Habershon v. Blurton, 1 De Gex & S. 121, a case very often quoted by text writers, the sheriff under execution took possession of and sold "all the share and interest of the said Charles Habershon, as partner, with one John Blurton, of and in," etc.; describing the partnership property. Habershon after this sale by the sheriff filed a bill against his former partner, Blurton, for an accounting, and the point was made against the bill that he had no interest, his share having been sold by the sheriff. The vice chancellor sustained the bill, and allowed the accounting "notwithstanding * * * the seizure by the sheriff and the language of the assignment by him."

In Ketchum v. Durkee, 1 Hoff. Ch. 538, the court said that "a partner has a right to file a bill for a settlement of the affairs of the firm and a due application of the assets, even after an absolute transfer by himself to his copartner of the property charged with the debts."

We do not find that the supreme court has ever decided this question. The case of Fourth Nat. Bank of New York v. New Orleans & C. R. Co., 11 Wall. 624, 20 L. Ed. 82, is, however, very instructive, as discussing principles necessarily involved in this suit. One Graham in that case made an assignment of an interest held by him in a partnership. The court said that "the words of the assignment were very broad." It purported to transfer all of the estate, right, title, and interest which Graham had in a certain lease, and also all his right, title, and interest in any property and effects of the partnership, and all debts due to him from the partnership or any member thereof. In a bill filed by the assignee of Graham's right, which involved a settlement of a partnership, the court held that Graham, the assignor, was a necessary party; that the only effect of the assignment was to transfer any interest that Graham might have after a proper settlement of the partnership. The case could not proceed without Graham as a party, although he had assigned his interest in the partnership. This case, and others that we have cited, strongly indicate that a partner, even after he has transferred all of his interest in a partnership, would not lose the right to have a settlement in equity of the partnership accounts. See, also, Hoxie v. Carr, supra.

The assignment under consideration here, however, does not purport to transfer all the right, title, and interest of Mellor & Fenton in the partnership with Smither. It purports only to transfer a stated account relating to certain periods embraced within the partnership. Smither has successfully contended that the account was not stated, and that no right of action on it as a stated account passed to the assignee. The amended and supplemental bill shows that Hughes prior to his death disclaimed any right or interest in the claim for an accounting asserted here, and that since his death his executors (after the original bill was filed) have formally released and transferred to the plaintiff the alleged stated account against the defendant. If the averments of the bill are true,—and they are so considered on demurrer,—the defendant on settlement owes the plaintiff $21,982.50. The claim for this sum cannot be asserted at law. The partnership accounts must be adjusted in equity. Hughes' representatives (like Hughes in his lifetime) disclaim any right to proceed to have the account stated. We cannot think that an ineffectual effort of one part-

ner to state and assign an account against the other partner defeats the right of the former to have an accounting. The right to have an accounting of the partnership transaction remained in the plaintiff's firm, notwithstanding the assignment to Hughes. The disclaimer of Hughes, his death, and the formal release by his executors of his apparent interest, though not necessary to show a right of action in the plaintiff, are properly brought before the court in the amended and supplemental bill. These facts show that the defendant will not be called on to settle with Hughes' representatives after his settlement with the plaintiff; that any sum which he may owe, if it be found that he owes anything, is due to the plaintiff.

The demurrer to the amended and supplemental bill should have been overruled.

The decree of the circuit court is reversed, and the cause remanded, with instructions to overrule the demurrer and to allow the defendant to answer. Reversed.