## VIBRATION SPECIALTY CO. et al. v. BALANCING SERVICE CO. et al.

### No. 1123.

District Court, W. D. Washington, N. D.
Nov. 14, 1935.

Paul Bliven, of Seattle, Wash., for plaintiffs.

G. Wright Arnold and Clinton L. Mathis, both of Seattle, Wash., and Hayden, Metzger & Blair and A. E. Blair, all of Tacoma, Wash., for defendants.

BOWEN, District Judge.

In the case of Edison Phonograph Co. v. Victor Talking Machine Co. (C.C.) 120 F. 305, it was held that "a bill for infringement of three separate patents is not subject to demurrer for multifariousness where it alleges that the things patented are capable of conjoint use, and are in fact so used in the apparatus of defendant, and the patents, of which profert is made, contain nothing inconsistent with such averment." (Syllabus). See, also, Union Switch & Signal Co. v. Philadelphia & R. R. Co. (C.C.) 68 F. 914. Also, Judge Sanborn in Chicago Grain Door Co. v. Chicago, B. & Q. R. Co. (C.C.) 137 F. 101, held that "where the defendant, pending a suit for infringement of a patent, begins the use of another alleged infringing device, separate and distinct from that complained of in the bill, although such fact does not render the suit defective, within the meaning of equity rule 57 [now superseded by New Equity Rule 34 (28 USCA following section 723)], but constitutes ground for an independent suit, the court may nevertheless, in the interest of saving delay and expense by the needless duplication of proofs, permit the question of the second infringement to be brought into the case by a supplemental bill." (Syllabus). But this court's attention has been called to no case, and the court's search discloses none, where, over the objection of defendant, a court has permitted amendment of the original bill for the purpose of alleging infringement of a patent other than the patent pleaded in the original bill.

This case being one in equity for patent infringement is not governed as to pleading amendments by state practice under the Conformity Act, 28 USCA § 724. Belknap Hardware Co. v. Ohio River Contract Co. (D.C.) 264 F. 676; Waldo v. Wilson (C. C.A.) 231 F. 654.

Plaintiffs contend that they should be permitted to make their proposed amendment by reason of new federal Equity Rule 34 (28 USCA following section 723), which provides that the court may permit either party "to file and serve a supplemental pleading, alleging material facts occurring after his former pleading, or of which he was ignorant when it was made." That rule, however, does not permit a party after filing his original bill of complaint for infringement of certain letters patent to later amend and by such amendment for the first time introduce a new and different cause of action based upon different letters patent not previously pleaded. To allow such amendment would be to permit plaintiffs " * * * to shift the right in which he is suing," which is prohibited. 3 Cyc. of Fed. Procedure, § 917, page 752.

The appearance of the defendants previously made in this action is limited to the cause of action stated in the original bill. Although the court does not anticipate what the proof will be, it may conceivably turn out that defendants have not in fact infringed the patents pleaded in the original bill, but it may be that defendants have infringed the patent pleaded in the proposed amendment. If so, to allow the proposed amendment would effect a complete shift of the right in which plaintiffs are suing. Such a shift is not permitted by new Equity Rule 34 (28 USCA following section 723). General Inv. Co. v. Lake Shore R. Co., 260 U.S. 261, 281, 43 S.Ct. 106, 67 L.Ed. 244. Plaintiffs also cite new Equity Rule 19 (28 USCA following section 723), but no broader rights of amendment are given under that rule than under 34.

Plaintiffs' motion to amend will, therefore, be denied, without prejudice to plaintiffs to have their rights under Akimoff patent No. 1,481,785 against defendants' alleged infringement of that patent adjudicated in a separate suit.

Formal order will be settled upon notice.