**BERSSENBRUGGE et al. v. LUCE MFG. CO.**

**No. 73.**

District Court, W. D. Missouri, W. D.
Nov. 20, 1939.

Henry L. Shenier and Thomas E. Scofield, both of Kansas City, Mo., and Wheeler, Wheeler & Wheeler, of Milwaukee, Wis., for plaintiff.

Arthur C. Brown, Ford R. Nelson, and Bowersock, Fizzell & Rhodes, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

By a supplemental bill filed by plaintiffs in this case, they complain of an act of infringement upon a patent entirely different from that which formed the basis of the original action or complaint.

The question for consideration, therefore, is whether a new and distinct cause of action may be introduced into a case by a supplemental bill.

Rule 15 (d) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provide as follows: *"Supplemental Pleadings.* Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."

An amended pleading is designed to include matters occurring before the filing of the bill but either overlooked or not known at the time. A supplemental pleading, however, is designed to cover matters subsequently occurring but pertaining to the original cause.

This rule is the same as former Equity Rule 34, 28 U.S.C.A. following section 723, and that rule followed the preceding Equity Rule 57. The new rule is substantially the same as its predecessor and

102

its language is clear enough to exclude any thought of a new cause of action.

■ Such an interpretaton has uniformly been made by the courts. The new matter pleaded in a permissible supplemental bill should relate to the original cause of action and should not constitute a separate, distinct and new cause of action. Jenkins v. International Bank of Chicago, 127 U. S. 484, 8 S.Ct. 1196, 32 L.Ed. 189; International Paper Co. v. Bellows Falls Canal Co., 88 Vt. 93, 105, 90 A. 943; Vibration Specialty Co. v. Balancing Service Co., D.C., 12 F.Supp. 753.

In Chicago Grain Door Co. v. Chicago, B. & Q. R. Co. et al., C.C., 137 F. 101, 103, it was said by the circuit court: "The limited purpose of a supplemental bill is to repair or add to a good original case, shown by an original bill, good or bad, either to supply defects sometimes existing when suit brought, but usually afterwards occurring, or to support, fortify, or re-enforce" (the original bill.) See also Mellor v. Smither, 5 Cir., 114 F. 116.

■ Fundamentally a supplemental bill is a mere addition or continuation of the original bill or complaint. 21 C.J., Section 665, p. 546.

By reference to Edmunds on the Federal Rules of Civil Procedure, the authorities will be found collated covering the propriety and scope of supplemental complaints.

In Dugas v. American Surety Co., 300 U.S. 414, 57 S.Ct. 515, 81 L.Ed. 720, the Supreme Court quite succinctly and clearly pointed out the functions of such a bill and such functions were limited as above stated.

■ Jurisdiction to entertain such a complaint can only be granted where it is designed to aid or to effectuate a prior decree or to seek relief, not of a different kind or on a different principle, but along the same lines as the original bill.

■ It is quite clearly outlined by the authorities cited in Edmunds' Federal Rules of Civil Procedure, p. 725, note 433, that a plaintiff, who, at the time of filing original bill, had no cause of action, cannot by amended or supplemental bill introduce a cause of action thereafter accruing. Kryptok Co. v. Haussmann & Co., D.C., 216 F. 267; Mellor v. Smither, supra; New York Security & Trust Co. v. Lincoln Street Railway Co. et al., C.C., 74 F. 67.

■ It was earnestly argued by counsel for the plaintiff that the new rules were designed to give a broader effect to a supplemental bill or complaint than under prior court rules. This view cannot be accepted. Moreover, it is questionable whether a party could escape the obligation to follow the usual processes of the court by introducing a new and distinct suit into a pending case in this informal way.

The motion to strike the supplemental bill should be sustained. It is so ordered.