**PLANNED PARENTHOOD OF SOUTHERN ARIZONA and its Corporate Chapter, Arizona Women's Clinic, Inc.; Planned Parenthood of Central and Northern Arizona, Inc.; and Dr. David Rhae, M.D., and Dr. Maryanna Friederich, M.D., individually and on behalf of their minor patients, Plaintiffs–Appellees,**

v.

**Stephen D. NEELY, as County Attorney for the County of Pima, and as representative for all other county attorneys and other prosecuting attorneys similarly situated throughout the State of Arizona, including without limitation City Attorneys, Defendants–Appellants.**

**No. 96–17016.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1997.

Decided Nov. 21, 1997.

---

Thomas P. McGovern, Deputy Attorney General, Phoenix, Arizona, Barbara Lawall, Pima County Attorney, Christopher Straub, Deputy County Attorney, Tucson, Arizona, for defendants-appellants.

John N. Iurino, Lewis & Roca, Tucson, Arizona, for plaintiffs-appellees.

Before: GOODWIN, FLETCHER and RYMER, Circuit Judges.

PER CURIAM.

Stephen Neely, Attorney for the County of Pima, as class representative, appeals the district court's holding that the State of Arizona's parental consent abortion statute is unconstitutional, and its order permanently enjoining enforcement of the statute. Neely also appeals the district court's decision to permit the plaintiffs to supplement the complaint that formed the basis of a previous action between the same parties, and its decision to proceed under the class certification of that previous action. We have jurisdiction under 28 U.S.C. § 1291. Because we hold that the district court abused its discretion in permitting the plaintiffs to supplement their complaint, we vacate the injunction granted by the district court, and remand and direct the district court to dismiss the case for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

In August, 1989, Planned Parenthood of Arizona brought an action to enjoin the defendants from enforcing Arizona's parental consent abortion statute. Plaintiffs included physicians and health care providers who provided medical care, including abortions, to minor women to whom the statute applied. Defendants included prosecuting attorneys and their representatives, i.e., those responsible for enforcement of the statute. The suit

was certified as a class action, with Defendant Stephen D. Neely, Attorney for Pima County, as the class representative. The district court entered a final order declaring the statute unconstitutional and issued a permanent injunction on September 14, 1992. *Planned Parenthood of S. Arizona v. Neely,* 804 F.Supp. 1210 (D.Ariz.1992) (*"Neely I"*). This order was not appealed.

Several years later, the Arizona legislature amended and reenacted the parental consent abortion statute. Ariz.Rev.Stat. § 36–2152 (1996) (" § 36–2152"). Before the effective date of the statute, plaintiffs filed a Motion for Leave to File a Supplemental Complaint to their original, 1989 action in order to challenge the constitutionality of § 36–2152. Defendants opposed the motion.

The motion to supplement was granted and over Mr. Neely's opposition, the court preserved the class certification of the original action with Mr. Neely as the class representative. After a hearing, the district court found the revised statute unconstitutional and permanently enjoined defendants from enforcing the statute. *Planned Parenthood of S. Arizona v. Neely,* 942 F.Supp. 1578 (D.Ariz.1996) (*"Neely II"*).[1]

## ANALYSIS

 This court reviews for abuse of discretion a district court's decision to grant or deny a party's request to supplement a complaint. *Keith v. Volpe,* 858 F.2d 467, 473 (9th Cir.1988).

 Federal Rule of Civil Procedure 15(d) provides the mechanism for supplemental pleading:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.

Fed.R.Civ.P. 15(d). While leave to permit supplemental pleading is "favored," *Keith,* 858 F.2d at 473, it cannot be used to introduce a "separate, distinct and new cause of action," *Berssenbrugge v. Luce Mfg. Co.,* 30 F.Supp. 101, 102 (D.Mo.1939); *see also,* 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure:* Civil 2D § 1509 (1990) (noting that leave to file a supplemental pleading will be denied where "the supplemental pleading could be the subject of a separate action").

The supplemental complaint filed by plaintiffs involved a new and distinct action that should have been the subject of a separate suit. Although both the original suit and the supplemental complaint sought to challenge Arizona's parental consent law, the supplemental complaint challenged a different statute than the one that had been successfully challenged in the original suit. Additionally, a final judgment had been rendered in the original action four years prior to plaintiffs' request to supplement their complaint. That judgment was not appealed and in no way would be affected by plaintiffs' supplemental complaint. Nor did the district court retain jurisdiction after entering that order.

 We also note that permitting the plaintiffs to supplement their complaint did not serve to promote judicial efficiency, the goal of Rule 15(d). *See Keith,* 858 F.2d at 473. To determine if efficiency might be achieved, courts assess "whether the entire controversy between the parties could be settled in one action. . . ." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure:* Civil 2D § 1506 (1990). In the case at hand there would necessarily be two actions since the original suit had been settled for some time. There were also no "technical obstacles" to plaintiffs bringing a new, separate action to challenge § 36–2152 as amended. *See United States v. Reiten,* 313 F.2d 673, 675 (9th

---

1. The district court held that the lack of specific deadlines by which the state courts must rule on a minor's bypass petition render the statute unconstitutional. *Neely II,* 942 F.Supp. at 1581–83. The court also held that the emergency provision of the statute was unconstitutionally vague because physicians were required to calculate how long the state courts might take to rule upon a minor's petition in order to determine whether an emergency exists. The lack of any time deadlines in the statute (or imposed by court rules) made this calculation too indefinite. *Id.* at 1583. Finally, the court held that the statute impermissibly narrowed the state court's standard for determining a minor's "best interest." *Id.*

Cir.1963) (stating that, "the general purpose of the Rules [regarding amended and supplemental complaints is] to minimize technical obstacles to a determination of the controversy on its merits").

Plaintiffs correctly note that in a handful of cases, parties have been permitted to supplement complaints that had been the bases of earlier actions despite the fact that those actions had reached final disposition. *See Griffin v. County Sch. Bd.*, 377 U.S. 218, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964); *Keith*, 858 F.2d at 467; *Poindexter v. Louisiana Fin. Assistance Comm'n*, 296 F.Supp. 686 (E.D.La.), *aff'd sub nom. Louisiana Comm'n for Needy Children v. Poindexter*, 393 U.S. 17, 89 S.Ct. 48, 21 L.Ed.2d 16 (1968).

These cases, however, are distinct. In both *Keith* and *Poindexter*, the courts retained jurisdiction over later developments despite rendering final judgments. *Keith*, 858 F.2d at 474; *Poindexter*, 296 F.Supp. at 689. In all three cases, the courts, as part of their final orders, required the parties to comply with broad, aspirational directives. *Griffin*, 377 U.S. at 222, 84 S.Ct. at 1228–29 (requiring the Virginia school system to end discrimination, take immediate steps to admit students without regard to race in the high schools, and make plans to do the same in regard to elementary schools); *Keith*, 858 F.2d at 470 (requiring defendants to provide replacement housing for low and moderate income households); *Poindexter*, 296 F.Supp. at 688 (enjoining defendants from enforcing a series of acts, each more "subtle" than the next, that had the effect of racially segregating the school system).

Finally, in each of the cases, the actions of the defendants which the plaintiffs sought to challenge through supplemental pleading were alleged to be specific attempts by the defendants to contravene the courts' earlier rulings. *Griffin*, 377 U.S. at 226, 84 S.Ct. at 1230–31 (alleging that defendant's refusal to levy taxes and open the schools "occurred as a part of continued, persistent efforts to circumvent ... [the Court's] 1955 holding that Prince Edward County could not continue to operate, maintain, and support a system of schools in which students were segregated on a racial basis"); *Keith*, 858 F.2d at 474 (alleging that defendant's refusal to approve the construction of low income housing developments contravened the consent decree to provide such housing); *Poindexter*, 296 F.Supp. at 689 (alleging that a statute that "was to be put into operation only if and when the earlier ... legislation was invalidated" violated the court's ruling that such statutes promote racial segregation in public schools).

These factors are not present in the case at hand. The district court did not retain jurisdiction nor did it enter an order guiding the parties' future affirmative duties. Further, plaintiffs did not aver that the defendants were defying the court's 1992 decision enjoining them from enforcing the original parental consent statute.

### CONCLUSION

Because the original action between Planned Parenthood and Neely had reached a final resolution and the district court did not retain jurisdiction, we hold that it was an abuse of discretion to allow plaintiffs to supplement the complaint that formed the basis for that action, instead of requiring them to initiate a new suit. Accordingly, we reverse and remand with directions to dismiss the suit, and we vacate the injunction granted by the district court.

REVERSED AND REMANDED.